WALLACE & PALMER *vs.* GEORGE W. BARKER.

WASHINGTON,   A wooden boot, hung up at the door of a boot and shoe-maker's shop as a sign
*March,*   of his trade, is liable to attachment, like other goods and chattels.
1836.
This was an action of trespass, to recover the the value of a
wooden-boot, which the plaintiffs had hanging at the door of their
shop, as a sign, with the name of T. P. Wallace on a piece of
tin tacked on the said boot.   Plea, *the general issue,* and closed
to the court, with special notice, that he should show an attach-

ment of said property, by him, the defendant, as deputy sheriff, at the suit of a creditor of the plaintiffs.

WASHINGTON,
*March,*
1836.

Wallace et al.
*vsi*
Barker.

The plaintiffs, in support of the issue on their part, proved that they carried on the boot and shoe-making business in the village of Montpelier, and that the wooden-boot in question was taken by the defendant and carried away, and that it was of the value of $20,00; that the name of T. P. Wallace was in gold leaf letters.

The defendant, in support of the issue on his part, proved the facts set up in his notice, and the further fact that the plaintiffs, at the time the boot was attached by him, the said defendant, had, besides said boot, a sign over their door, with their names on it, and the words "boot and shoe-makers" under their names; and the further fact, that at the time said boot was attached, all the personal property of the plaintiffs had been attached and taken away, and they had quit business in said Montpelier village.

Upon the facts above stated the court decided that said wooden-boot was not liable to attachment and execution, and that the plaintiffs recover of the said defendant, for taking said boot, the sum of $20,00 and their cost. And the defendant excepted to the opinion and judgment of said court, and tendered his bill of exceptions, which was allowed and passed to this court.

*Upham for defendant.*—The bill of exceptions presents but one question for the decision of the court, and that is, was the property, described in the plaintiffs declaration, liable to attachment and execution?

1. We maintain that all the property of a debtor, not exempted by statute, is liable to attachment and execution.—Stat. 208, sect. 1.

2. That the property sued for in this case, is not exempted by statute, consequently, it was liable to attachment and execution.

3. The fact that the boot in question hung at the plaintiff's shop-door as a sign of their trade, did not exempt it from attachment. The case shows, that the plaintiffs had another sign over their door with their names and trade upon it. And also, that they had quit business before the attachment was made. The boot, therefore, was of no use to them as a sign of their trade.

4. If the property in question was not liable to attachment, because it was used as a sign of the plaintiff's trade, then, any amount of property, in the shape of a sign, would be exempt. The goldsmith may hang out his large gold watch, worth $300, as a sign of his trade, and no creditor could attach it.

WASHINGTON,
March,
1836.

Wallace et al.
vs.
Barker.

*Dillingham for plaintiff.*—The wooden boot in question, was used by the plaintiffs as a sign indicating, not only what branch of mechanical business they were engaged in, but the place where they carried it on.

The question raised by the bill of exceptions, is, was it liable to attachment on *mesne* process or final execution.

1.  " One cow, and such suitable apparel, bedding, tools, arms, and articles of household furniture, as may be necessary for upholding life," are by our statute exempt from attachment on *mesne* process and final execution.—Vt. Stat. p. 209, Slade's edition.   And we insist that the boot in question was protected by the reasonable construction of this exemption in our statute.   But say our opponents, this wooden boot does not come within the strict definition of the word tools,   Suppose it does not, yet it is within the equity of the statute when liberally expounded.

The shoe-makers kit within doors, however extensive or complicated, is protected from seizure by the sheriff; and why should his wooden boot, which is set without doors, lack the same protection ?   All the reasons exist in favor of its protection which go to require the protection of its kindred within doors ; and if the court do not close the door now which they have heretofore operated in the construction of the above statute, this article is exempt.

The words of the statute except " one cow," and in the case of *Leavitt* vs. *Metcalf*, 2 Vt. R. 342, the court have so construed that exemption, as to make it protect the butter made from that cow ; of course the milk and the cheese made therefrom, of a last cow, are also protected.   In that case the court construed the statute liberally, in favor of humanity, and certainly all mechanical pursuits should be encouraged for the public good, as well as to enable the mechanic to support his family ; and his tools being protected, we see no reason why his sign, by all fair and liberal construction, should not be considered a part of them.

2.  If the boot in question, was not exempt from attachment by our statute, still upon principles of policy, recognized by the common law, it would not be liable to distress or attachment.

The signs of inkeepers, merchants and mechanics, are of but little value to any one, save the original owner : for this reason it would be little better than a wanton destruction of property to suffer them to be attached, and sold on final execution.   This destruction, or *great diminution* of value, to this kind of property, should exempt it from attachment.

A great portion of the value of a sign, consists of the owner's name lettered thereon.   The name can be of no possible value to another ; nay if the sign be sold to another person, it is utterly useless till the name be taken from it, and another put on.   And we protest against robbery being committed under sanction of law.

WASHINGTON,
*March,*
1836.
Wallace et al.
*vs.*
Barker.

The opinion of the court was delivered by

ROYCE, J.—The statute of March 7, 1797, authorizes the levy of a writ of execution " upon the proper goods or chattels of the debtor—*Always excepting*, one cow, and such suitable apparel, bedding, tools, arms, and articles of household furniture, as may be necessary for upholding life."   To these exceptions others have been specifically added from time to time.   And the statute of March 2. 1797, which authorizes the attachment of goods and chattels on *mesne* process, has been construed to contain on implied exceptions of all property exempted from the writ of execution.

It is quite obvious that the article in question is not to be ranked among any of the statutory exceptions.   It was in no sense a tool or implement of the debtor's trade, but a mere sign or symbol of it.

But exceptions must exist independently of the statutes, and the question is, whether any such apply to the present case.   In deciding this question, we must keep in view the nature and object of an attachment, as authorized by our law.   It is a sort of sequestration of property, for the eventual security of the attaching creditor.   The property thus taken is to remain in the custody of the law, to await the determination of the suit in which it is attached.   And in most instances this is expected to require a considerable period of time.   Hence an exception arises in favor of property which is peculiarly perishable in its nature ; as fresh meat during a portion of the year, *Leavitt* vs. *Holbrook*, 5 Vt. R. 405, —fresh fish, as decided by this court in the county of Caledonia a few terms since,—green fruits and the like, whenever it is manifest that the purpose of the attachment cannot be effected, before they will decay and become worthless.   As the policy of the law is not to authorize the destruction of property, but to enable the party attaching to obtain security for his claim, it impliedly forbids an attachment in these cases.   The same principle applies, when the thing sought to be attached is in such a stage of manufacturing process, that its removal by an officer, or the suspension of care and labor upon it by the owner, would occasion a loss of the prop-

WASHINGTON,
*March*,
1836.
Wallace et al.
*vs.*
Barker.

erty, or a great damage to it. It was accordingly decided in the case of *Bond* vs. *Ward*, 7 Mass. 123, that hides in a tanner's vat were not subject to attachment.

It is insisted that the principle of exemption extends to all cases, where the thing attached could be of no substantial benefit to the creditor as a security ; or where it could not be expected to sell for a price bearing any reasonable proportion to its cost, and its real or imaginary value to the owner. Admitting this proposition to be just to some extent, yet any general rule of exemption founded upon it must be difficult of application, and of a doubtful policy. Indeed, the power of the court thus to limit and qualify the creditor's right under the statute may well be questioned, when the right can be exercised without injury to the property attached. The present case, however, does not require us to lay down any precise rule upon the subject, since the article in question appears to have possessed a well known value. It was equally appropriate for any one of the trade, and required no alterations on being removed from one shop to another.

The papers show that it was sold for about twenty dollars on the creditor's execution. This is evidence of its value as an article of sale, at least among particular tradesmen. In these respects it differed entirely from the ordinary signs of trade and professions. These are known to be of little or no intrinsic value, and useful only to those for whom they are made. We are all agreed that this piece of property was liable to attachment.

Judgment of county court reversed, and new trial granted.

## CALEDONIA COUNTY,

### MARCH TERM, 1836.

———————◆———————

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*

PRESENT, HON. STEPHEN ROYCE,
    "    SAMUEL S. PHELPS, } *Assistant Justices.*
    "    JACOB COLLAMER,