SUPPLY C. WILSON *vs.* SAMUEL ELLIOT & another.

The stock of goods, scales and measures, horse, wagon and harness, of a shopkeeper in the country, are not exempted from attachment by *St.* 1855, c. 264.

ACTION OF TORT by a trader in Chelmsford against his assignees in insolvency, for taking and selling his stock of goods, consisting of the customary assortment of dry goods and groceries of " a country store," and his scales and measures used in said business, which were under attachment on mesne process against him when the proceedings in insolvency were commenced; and also for taking and selling a horse, wagon and harness, kept and used by him for the purpose of going about among his more distant customers, and obtaining their orders, and conveying to them any goods bought at his shop.

The question whether these articles, or any of them, were exempt from attachment, was submitted to the court upon the

above facts, and argued in writing by *D. S. Richardson*, for the plaintiff, and *W. A. Richardson*, for the defendants, and decided at the sittings in Boston in June 1857.

MERRICK, J. The plaintiff contends, that under the provisions of the *St.* of 1855, *c.* 264, he is entitled to the property taken and sold by the defendants. This statute exempts from levy on execution, amongst other things, the tools and implements, materials, stock and fixtures of the debtor, necessary for carrying on his trade or occupation, to an amount not exceeding five hundred dollars. It has heretofore been determined that this provision, being merely amendatory of § 22 of *c.* 97 of the Rev. Sts., was intended to vary that section, only in respect to the species and value of the property exempted from attachment, and not at all in relation to the class of persons by whom its benefits are to be enjoyed. *Smith* v. *Gibbs*, 6 Gray, 298. The clause in this section, which exempts from attachment the tools and implements of a debtor, has never been so construed as to embrace that class of persons who are engaged merely in the business of buying and selling articles of merchandise. On the contrary, it has always been considered as having been intended specially for the benefit of those to whom, on account of their peculiar pursuits and avocations, tools and implements are essential to make their labor available, and to enable them to complete the work which they undertake to perform. Thus, in one case, it was said by the court that the obvious design and effect of the law was to secure to handicraftsmen the means by which they are accustomed to obtain subsistence in their respective employments. *Howard* v. *Williams*, 2 Pick. 80. More recently it was held, that the provisions of these statutes did not apply to one who was engaged in large and extended manufacturing operations, requiring the coöperation of many persons in the various parts of the work to be done, and a heavy outlay of expenditure for machinery. *Smith* v. *Gibbs*, above cited.

The present is not similar, in the facts upon which it rests, to either of those cases; but it is within the principle upon which each of them was decided. In his business as a country storekeeper, the plaintiff had no work to do, which required to be

wrought, by the aid and instrumentality of tools and imple-
ments.   In that respect, his business bore no resemblance to the
occupation or the necessities of the artisan, mechanic or actual
cultivator of the soil.

The real purpose and meaning of the provisions of these
statutes seem to be fully developed in the recent act of the legis-
lature, in which the materials and stock of the debtor, to be
exempted from attachment, are described to be such as are
designed and procured by the debtor for carrying on his trade
and business, and necessary therefor, and intended to be used·
and wrought therein.   *St.* 1857, *c.* 235, § 1.   The property of
which the plaintiff was possessed, at the time of his application
for the benefit of the act for the relief of insolvent debtors, not
having been of that description, nor, within the meaning of the
provisions of law, exempt from attachment, passed by assign-
ment to the defendants ; and judgment must therefore be ren-
dered, according to the agreement of the parties, in their behalf.

*Judgment for the defendants.*