## WILLIAM WALLACE *vs.* CHARLES C. BARTLETT.

The provision of the Gen. Sts. *c.* 133, § 32, exempting from execution tools, implements and fixtures necessary for carrying on the judgment debtor's trade or business, does not apply to the business of keeping a meat market and grocer's shop.

TORT for the conversion of chattels alleged to be property of the plaintiff and described in a schedule annexed to the declaration as follows : " Meat tools and fixtures in room. One pair of platform scales. One hog rack. One salt chest. Three lamps. Three pails. One meat frame and hooks. One block. Two benches. Two boxes for sausages. One sausage cutter and filler. Two boxes. One stove and kettle. One lard press and cooler. One pair of ice tongs. One pair of ice blocks. Fifty feet of rope. One pair of brass side scales. One broom. One shovel. One refrigerator. Twenty-four meat hooks." The case was submitted to the judgment of the superior court, and, on appeal, of this court, upon these facts agreed :

" The plaintiff, in December 1869, was engaged in keeping a meat market and West India goods shop in connecting rooms in a building in Northborough. The articles named were his prop

erty ; and so far as they are properly tools, implements or fix-tures, they were necessary for carrying on the business of a meat market, and not exceeding $100 in value ; and so far as they are properly materials and stock, they were designed and procured by the plaintiff, and were necessary, for carrying on said busi-ness, and were intended to be used or wrought therein, not ex-ceeding $100 in value. The twenty-four meat hooks were driven into the frame of the building, and used for hanging up slaugh-tered animals. The meat frame and benches were fastened by nails, or mortised to the building. The pair of ice blocks and fifty feet of rope were a pulley used for raising ice. The refrig-erator and the platform scales were also used for the business of the shop.

" The plaintiff became, and was adjudged, a bankrupt under the laws of the United States, while engaged as aforesaid, and his assignee took the articles as his property as such assignee. The plaintiff duly demanded said property of the assignee, as exempt from the force of the assignment ; but the assignee re-fused to deliver it, or any part of it, to the plaintiff, and after-wards sold it to Peter Peters, who sold it to the defendant before the suit. The plaintiff demanded the property of the defendant, who refused to give it up, and this suit was brought. The plain-tiff did not claim of the assignee any other property from said shop as exempt, and never received from or had set out to him by the assignee any of his property as exempt."

If it should be determined on these facts that the plaintiff was entitled to recover for all or any of the chattels, the case was to be sent to an assessor ; otherwise, judgment was to be entered for the defendant.

*F. P. Goulding*, (*H. B. Staples* with him,) for the plaintiff.

*E. Mellen*, for the defendant.

GRAY, J. The plaintiff claims the chattels in question, under the bankrupt act of 1867, *c.* 176, § 14, as being exempt from exe-cution by the Gen. Sts. *c.* 133, § 32, *cl.* 5, as " tools, implements and fixtures necessary for carrying on his trade or business."

The well settled construction of this enactment is that it is intended for the protection of mechanics, artisans and handicrafts-

men, and others whose manual labor and skill afford means of earning their livelihood. It has accordingly been applied to tailors, shoemakers, milliners, fiddlers and carriage makers. *Dowling* v. *Clark*, 1 Allen, 283, and 3 Allen, 570. *Daniels* v. *Hayward*, 5 Allen, 43. *Rayner* v. *Whicher*, 6 Allen, 292. *Woods* v. *Keyes*, 14 Allen, 236. *Goddard* v. *Chaffee*, 2 Allen, 395. *Eager* v. *Taylor*, 9 Allen, 156. But it has been held not to include those merely engaged in the business of buying and selling merchandise, nor to exempt the weights and measures, horses and carriages, or other articles, used by them in their trade. *Wilson* v. *Elliot*, 7 Gray, 69. *Gibson* v. *Gibbs*, 9 Gray, 62. *Read* v. *Neale*, 10 Gray, 242.

The only business in which the plaintiff was engaged was the keeping of a meat market and grocer's shop. He was a shopkeeper and not a handicraftsman. He therefore fails to prove that the articles sued for were exempt from attachment or execution, and cannot maintain his action. *Clapp* v. *Thomas*, 5 Allen, 158. *Judgment for the defendant.*