## J. J. BECKHAM V. ISAIAH MEDLOCK ET AL.

Delivered April 9, 1898.

**1. Execution—Irregularity in Issuance.**

The issuance of an execution on a judgment destroyed by fire before its substitution is an irregularity.

**2. Judicial Sale—Irregularity and Inadequacy.**

A sale of land under execution for one-fifteenth its value will be set aside for an irregularity in issuing the execution after the judgment had been destroyed by fire and before its substitution.

APPEAL from Limestone. Tried below before Hon. L. B. COBB.

*Farrar, Williams & Farrar,* for appellant.

*Kimbell Bros. & Blackmon* and *Geo. A. Bell,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by Isaiah Medlock and his wife, Bush Medlock, on April 21, 1897, against the appellant J. J. Beckham, to set aside a sheriff's deed to 100 acres of

land in Limestone County, Texas. The grounds for setting aside the sale were irregularities in making the sale and inadequacy of consideration. The cause was tried by the court without the intervention of a jury, and the trial court filed conclusions of fact, none of which are challenged by any assignment of error of appellant, and we adopt said conclusions as our own. They are as follows:

1. "The plaintiffs, Isaiah Medlock and wife, lived for many years, prior to October 15, 1890, on the land in controversy, occupying same with their children, as their homestead. About that time plaintiffs left said land in the possession of an adult son and went to and lived a year in Grayson County, Texas, and from thence went into the Indian Territory, where they have since resided.

2. "In January, 1890, Martha Medlock recovered judgment against plaintiff Isaiah Medlock in the District Court of Limestone County in the sum of $135.

3. "An execution was issued upon such judgment within a year from its rendition, and an alias execution was issued on September 7, 1896, upon which the land was seized and sold to the defendant for the sum of $100.

4. "The land was worth, when sold at sheriff's sale, $1500. In February, 1891, the record of the judgment of Martha Medlock v. Isaiah Medlock was destroyed, together with all the papers in the case, except the original execution, and such record and papers have never been restored or substituted."

Upon these conclusions the court rendered judgment canceling and setting aside the sheriff's deed and awarding the land to plaintiffs; but giving the defendant judgment for the purchase money paid at the sheriff's sale and foreclosing a lien on the land for the same. Defendant excepted to the judgment, gave notice of appeal, and has assigned errors and prosecuted his appeal to this court.

Appellant contends: (1) That the court erred in holding that the issuance of an execution upon the burnt judgment, dated January 17, 1890, was an irregularity, an execution having issued on March 4, 1890, said judgment not being dormant.

(2) That the court erred in holding that the alleged irregularity of issuing an execution upon a judgment the record of which had been destroyed by fire, after the issuance of an execution thereon, within twelve months after the date of the rendition, conduced to the inadequacy of the consideration for which the land sold.

(3) That the court erred in not holding that J. J. Beckham, a stranger to the record of the suit of Martha Medlock v. Isaiah Medlock, in which judgment was rendered for plaintiff in said suit for $135, on January 17, 1890, was a bona fide purchaser, for value, without notice, the sale taking place under a valid execution upon said judgment, and the amount of the bid being paid by Beckham.

In reference to appellant's first contention, we think the case of Cyrus v. Hicks, 20 Texas, 483, is authority directly in point against the correct-

ness of this contention. In that case it was held by the Supreme Court that an execution was properly enjoined when, at the time of its issuance, there was not of record any judgment upon which it could be founded. The issuance of an execution upon a judgment destroyed by fire, before its substitution, was held an irregularity, and that an injunction would lie to enjoin it. This ruling is approved in Brown v. Reese, 67 Texas, 318.

In reference to the second position assumed by appellant, it may be admitted that inadequacy of price alone is not sufficient ground to set aside a sheriff's sale. It is also true that where there is great inadequacy, of price, slight irregularities attending the sale will require it to be set aside. Jones v. Pratt, 77 Texas, 210.

But where there is not of record any judgment upon which an execution could be founded, and the property is sold for one-fifteenth of its value, the sale will be set aside. In such a case the court may well presume that the irregularity in the sale conduced to the inadequacy of price. House v. Robertson, 89 Texas, 681; Gunter v. Cobb, 82 Texas, 598.

Under the facts of this case, the appellant could not claim that he was an innocent purchaser in good faith.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.