## HAMMOND et al. v. McFARLAND.

(Court of Civil Appeals of Texas. Galveston. Nov. 5, 1913. Rehearing Denied Nov. 27, 1913.)

1. EXEMPTIONS (§ 45*)—PROPERTY SUBJECT—TOOLS OF "TRADE."

The conducting of a butcher shop by a person who slaughters very few animals, and buys most of the meat sold in his shop from packing houses, is a "trade" within Sayles' Ann. Civ. St. 1897, art. 2395, subd. 5, exempting from execution all tools, apparatus, and books belonging to any trade or profession, the fact that he sells the meat which he cuts up or butchers not making him merely a merchant or dealer in meats, and any tool or apparatus belonging to such trade is exempt; but a tool or

apparatus belonging to and used only in the business of selling meat is not exempt.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 56–61; Dec. Dig. § 45.*

For other definitions, see Words and Phrases, vol. 8, pp. 7037–7041, 7818.]

2. EXEMPTIONS (§ 45*)—PROPERTY SUBJECT—TOOLS OF TRADE.

Neither a cash register nor a refrigerator or ice box is a tool or apparatus belonging to the trade of a butcher who also sells the meat cut up or butchered by him, and hence they are not exempt from execution under Sayles' Ann. Civ. St. 1897, art. 2395, subd. 5, exempting the tools and apparatus belonging to any trade or profession.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 56–61; Dec. Dig. § 45.*] `

Appeal from Harris County Court at Law; Clark C. Wren, Judge.

Suit for injunction by C. E. McFarland against M. F. Hammond and others. From a decree granting a temporary injunction, defendants appeal. Reversed and rendered.

Gibson & Wander, of Houston, for appellee.

PLEASANTS, C. J. This appeal is from a decree of the county court at law of Harris county granting a temporary injunction restraining the defendants from seizing and selling under execution a cash register machine and a refrigerator or ice box owned and used by the appellee in carrying on his trade of butcher. The appellant M. F. Hammond is the sheriff of Harris county. The other appellant, the Houston Packing Company, a corporation organized under the laws of this state, having recovered a judgment in the county court of Harris county against the appellee for the sum of $215 and costs of suit, procured the issuance of an execution on said judgment, and placed same in the hands of appellant Hammond, who proceeded to levy upon the articles above named, and advertise same for sale. This suit was brought to restrain appellants from taking the possession of the property from appellee, and selling it under the execution before mentioned.

The contention of appellee is that the property is exempt from forced sale under subdivision 5 of article 2395, Sayles' Civil Statutes, which reserves to every family exempt from attachment or execution and every other species of forced sale for the payment of debts, unless the debt is secured by lien on the property, "all tools, apparatus and books belonging to any trade or profession."

The evidence shows that appellee is a married man and head of a family. He conducts a butcher shop in the city of Houston, and has been engaged in that trade or business for two years or more. He testified: "I have no other trade or occupation and no other income. I am dependent for support of myself and family entirely upon my trade in keeping and carrying on said butcher shop. The trade of a butcher is like that of a skilled mechanic; it requires training and practice to be a butcher so as to develop necessary skill in cutting the meat. The common meaning of a butcher as understood here in this part of Texas is one that is skilled in cutting up meat for retail, and who keeps a butcher shop or meat market. The common, usual, and necessary tools and apparatus used in such are knives of different kinds for cutting meat, cleavers, saws (meat saws), meat blocks, on which meat is cut, scales for weighing, electric fans to keep butcher and helpers cool while at work, and the meat also, and to keep off flies, a cash register, counters, an ice box or meat box, in which meat is kept refrigerated, a fish box, and some other implements. That the ice box or meat box levied on by the sheriff under the execution in this case is one of the most serviceable and necessary apparatus for the trade. That in this warm and humid climate it would be impossible to run the butcher's trade or keep butcher shop without an ice box, where the meat could be kept cool; meat would spoil and rot in a few minutes without same. That· the sanitary officer would not permit a butcher shop conducted without such apparatus. That plaintiff kept all of these mentioned articles in his shop. That the cash register was also necessary and serviceable in being a place to make quick change of money. That it also kept a register of all sales and did away with necessity of a bookkeeper."

The evidence further shows that appellee had slaughtered very few animals, most of the meat sold in his shop being obtained from the packing houses, and this is true of the butcher trade generally in cities. A cash register is commonly used in butcher shops and is necessary for making quick change and keeping account of sales.

[1] We think conducting a butcher shop as appellee did his should be regarded as a trade in the purview of the statute before cited. It requires mechanical skill and experience to conduct a shop of this kind and a person so engaged is following a trade. The fact that he sold the meat which he cut up or butchered would not make him merely a merchant or dealer in meats and defeat his right to claim as exempt from forced sale the tools and apparatus belonging to his trade as butcher or meat cutter. Any tool or apparatus belonging to this trade would be exempt; but a tool or apparatus belonging to and used only in his business of selling meat would not be exempt. Bequillard v. Bartlett, 19 Kan. 382, 27 Am. Rep. 120.

[2] Under the very liberal construction which the courts have generally given remedial statutes of this kind (vide Betz v. Maier, 12 Tex. Civ. App. 219, 33 S. W. 710, and cases cited in that case), we would, if the question was an open one in this state, hold that

the refrigerator or ice box in which appellee kept his meat, and which the evidence shows was necessary and essential to a proper conduct of the butcher's trade in this climate, was a tool or apparatus belonging to such trade; but we do not think a cash register under any proper construction of the statute could be called a tool or apparatus belonging to the trade of a butcher. Wallace v. Bartlett, 108 Mass. 52; Bequillard v. Bartlett, 19 Kan. 382, 27 Am. Rep. 120; McCord-Collins v. Lazarus, 50 S. W. 1048; Smith v. Horton, 19 Tex. Civ. App. 28, 46 S. W. 402.

The question presented by this appeal has, we think, been settled by our Supreme Court in the case of Simmang v. Insurance Co., 102 Tex. 39, 112 S. W. 1044, 132 Am. St. Rep. 846. In that case the Supreme Court holds that a cash register and ice box or refrigerator used by a restaurant keeper in conducting his restaurant are not exempt from forced sale as tools or apparatus belonging to the trade of a restaurant keeper. It is conceded in the opinion in the case cited that the keeping of a restaurant is a trade in the purview of the statute, and the evidence showed that the articles named were used in carrying on said trade. We think it a matter of which the courts could take judicial notice that in this climate an ice box or refrigerator is not only useful and convenient but essentially necessary in conducting a restaurant. It is just as necessary and essential for a restaurant keeper to have an ice box in which to keep food he prepares for his customers as it is for a butcher to have such a receptacle in which to keep the meats butchered or cut up by him. If an ice box is not a tool or apparatus belonging to the trade of a restaurant keeper, it is not one belonging to the trade of a butcher. This is just as true of a cash register.

In support of the opinion in the Simmang Case the court cites the cases of Heidenheimer v. Blumenkron, 56 Tex. 314, and Dodge v. Knight (Sup.) 16 S. W. 626. We do not think these cases, which only decide that household and kitchen furniture used by a restaurant or hotel keeper is not exempt from forced sale under the subdivision of the statute above cited, which exempts such articles when used for family purposes, have any bearing upon the question of whether an ice box and cash register are exempt as tools or apparatus belonging to the trade of a restaurant keeper. But the court also cites with approval the case of Frank v. Bean, 3 Willson, Civ. Cas. Ct. App. § 211, which holds that the articles named are not tools or apparatus belonging to the trade of a restaurant keeper.

We think the decision in the Simmang Case is conclusive of the question presented on this appeal, and that in accordance with that opinion the judgment of the court below should be reversed, and judgment here rendered in favor of appellant, vacating the order granting the injunction, and it is so ordered.

Reversed and rendered.