### In re WILLIS.

(District Court, N. D. Texas, at Dallas.    October 19, 1923.)

#### No. 1954.

**Bankruptcy ⚖══396(4)—Exemptions; "tools" and "apparatus" of "trade" or profession do not embrace grocery fixtures.**

    Under Rev. St. Tex. art. 3785, subd. 5, exempting from execution "all tools, apparatus and books belonging to any trade or profession," a bankrupt, who was a grocer, *held* not entitled to hold as exempt the fixtures and other articles used in conducting his business, such as counters, show cases, ice box, scales, cash register, truck, etc., as "apparatus" is used as practically synonymous with "tools" and "trade" does not include commercial pursuits not requiring some particular skill.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Apparatus; Tools—Tools of Trade; Trade.]

In Bankruptcy. In the matter of John William Edward Willis, bankrupt. On review of order of referee denying bankrupt's claim to exemptions. Affirmed.

Sharp, Tirey & Gray, of Ennis, Tex., for bankrupt.

Leon C. Huvelle and Webster Atwell, both of Dallas, Tex., for trustee.

ATWELL, District Judge. Stating the issue briefly, it is that the bankrupt desires that there be set aside to him, as exempt, certain fixtures used by him in the mercantile business.

Article 3785 of the Revised Statutes of Texas provides:

"The following property shall be reserved to every family, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided: * * *

"Subdivision 5. All tools, apparatus, and books, belonging to any trade or profession."

The fixtures claimed by the bankrupt are:

"Three counter show cases. One tobacco cutter. Three pieces of shelving. One cash register. One ice box. One cheese cutter. Two pair scales. One paper cutter. One gum machine. One meat knife. Three counters. One Yale lock. One truck. One oil tank measure. One pencil sharpener. Two bean bins. One egg tester. Three scoops."

The referee denied the exemptions and the bankrupt seeks a review.

"The testimony showed that the bankrupt was a groceryman, and had been such for many years; that he was a married man, and the head of a family, and that the grocery business was his sole occupation; and that he contemplated returning to the grocery business after he had been discharged in bankruptcy if he could get some one to support or finance him, and that said 'tools' were essential for the carrying on of the grocery business."

From state court decisions, based upon exemption laws more or less like the Texas provision above quoted, we find that barber chairs are exempt to a barber, Allen v. Thompson, 45 Vt. 472; Terry v. McDaniel, 103 Tenn. 415, 53 S. W. 732, 46 L. R. A. 559; Fore v. Cooper (Tex. Civ. App.) 34 S. W. 341. That a buggy and wagon used by physician in visiting his patients are exempt, Van Buren v. Loper (N. Y.) 29 Barb. 388. Cheese vats, cheese presses, curd knives, and the like, are tools, used by the owner in making cheese and are exempt, Fish v. Street, 27 Kan. 270. Commercial books and counting house and furniture of a merchant, and an iron chest in which he keeps books and papers, are exempt, F. & M. Bank v. Franklin, 1 La. Ann. 393. Team, wagon, sled, and harness, if used in farming, are exempt to the farmer, Rice v. Wadsworth, 59 N. H. 100. Clock, stove, screen, pitcher, table, and mirror belonging to a milliner, are exempt, Woods v. Keyes, 96 Mass. (14 Allen) 236, 92 Am. Dec. 765; Wilkinson v. Alley, 45 N. H. 551. Lamp and other articles kept by watchmaker and jeweler, Bequillard v. Bartlett, 19 Kan. 382, 27 Am. Rep. 120. Logging capstan, cable, and tools used in logging by farmer, if necessary to be used in clearing and improving his farm, are exempt, State v. Creech, 18 Wash. 186, 51 Pac. 363. As are also machines for making boots, Daniels v. Hayward, 5 Allen (87 Mass.) 43, 81 Am. Dec. 731; and printing outfits, press, types, composing stones, etc., for printer, Smith v. Osburn, 53 Iowa, 474, 5 N. W. 681; Green v. Raymond, 58 Tex. 80, 44 Am. Rep. 601; Sallee v. Waters, 17 Ala. 482; St. Louis Type v. Taylor (Tex. Civ. App.) 35 S. W. 691; and the iron safe for an insurance agent in which to store his policies, Betz v. Maier, 12 Tex. Civ. App. 219, 33 S. W. 710, are exempt.

Some of the statutes are slightly different; some of them contain the word "fixtures" and some of them the word "implement," notably

the Wisconsin statute, under which Cunningham v. Brictson, 101 Wis. 378, 77 N. W. 740, was rendered, which allows as exempt to a merchant show cases and like articles.

The word "tool" is defined to be a mechanical implement—any implement used by a craftsman or a laborer at his work, Camardella v. Holmes, 97 App. Div. 120, 89 N. Y. Supp. 616; an instrument of manual labor operation, particularly such as is used by farmers and mechanics, Oliver v. White, 18 S. C. 235; it does not include a bicycle used by an architect and building superintendent, however useful, and, convenient in the prosecution of his business, Smith v. Horton, 19 Tex. Civ. App. 28, 46 S. W. 401; nor a wooden boot sign hung up by a shoemaker, Wallace v. Barker, 8 Vt. 440.

I believe the word "apparatus," as used in the statute, is practically synonymous with the word "tools." These words are defined in Webster's new International Dictionary as "a collection or set of implements or utensils for a given work, experimental or operative; any complex instrument or appliance mechanical or chemical for a specific action or operation; machinery, mechanism."

"Tools," "apparatus," belonging to any trade or profession, seem to have a well-defined meaning in a restricted and limited sense rather than in a general sense. This limited and restricted sense evidences the intention of the Legislature not to open as exempt every kind of property used in any manner and in every manner in every kind of business. The lawmakers merely intended to extend the protection of exemption to all tools and all apparatus that were in fact just what those two words imply in such restricted sense.

The word "trade," as used in the statute under consideration, does not mean commercial pursuits if such commercial pursuit does not require some particular skill. The definition of the word "trade" in its broadest signification as a verb, which includes all sorts of bartering and exchanging of commodities, and the buying and selling for money, or commerce, or traffic, generally, is not the sense in which it was used by the Texas Legislature.

These views do not mean that there is to be a limited or strict construction of the statute; on the contrary, there should be a liberal construction of it and its inclusiveness; but liberal construction does not mean the reading into it of something that is quite beyond its purpose, as wholesome and beneficial as an exemption statute may be.

Articles necessary in carrying on a mercantile business are not "tools and instruments," Desmond v. Young, 173 Mass. 90, 53 N. E. 151. It would be a very strained construction to say that "tools and implements" were necessary to a merchant in the transaction of his business, and especially to include within the meaning of such words such articles as counters, chairs, paper boxes, barrels, and scales, Grimes v. Bryne, 2 Minn. 89 (Gil. 72). "Tools and implements" do not include stock of goods, scales and measures, horse and wagon of a shopkeeper. It has always been considered that the word "tools" is intended for the especial benefit of those to whom, on account of their particular pursuits and avocations, they are essential to make their labor avail-

able and to enable them to complete the work which they have undertaken to perform, Wilson v. Elliot, 73 Mass. (7 Gray) 69.

In Desmond v. Young, supra, the court said:

"The plaintiff testified that the articles in question were necessary in carrying on his business, and were exempt from being taken on execution. * * * It is clear that they were not exempt. * * * This statute is intended, as said by Mr. Justice Gray, in Wallace v. Bartlett, 108 Mass. 52, 'for the protection of mechanics, artisans, and handicraftsmen, and others whose manual labor and skill offered means of earning their livelihood.' But it does not apply to those engaged in the business of buying and selling merchandise."

It is possible that the construction of the Massachusetts court is less liberal than the constructions indulged in by the appellate courts of Texas, Rodgers v. Ferguson, 32 Tex. 533; Cobbs v. Coleman, 14 Tex. 595; St. Louis Type Foundry v. International, etc., 74 Tex. 651, 12 S. W. 842, 15 Am. St. Rep. 870; but the reasoning of that court in the cited opinions is logical and may be followed in this case and given that liberal effect which is the trend of the Texas courts.

In McCord-Collins Co. v. Lazarus (Tex. Civ. App.) 50 S. W. 1048, a soda water fountain was denied as an exemption to a druggist, and in Simmang v. Penn. Insurance Co., 102 Tex. 39, 112 S. W. 1044, 132 Am. St. Rep. 846, the Supreme Court held that, even if the keeping of a restaurant is a trade, the shelving, safes, furniture, tableware, and kitchen utensils used therein are not "apparatus" nor "tools" within the meaning of the statute, but are conveniences for carrying on the restaurant business rather than "tools" and "implements." See, also, Stone v. Schneider-Davis Co., 51 Tex. Civ. App. 517, 112 S. W. 133.

In the recent case of Hammond v. McFarland (Tex. Civ. App.) 161 S. W. 47, writ of error denied by the Supreme Court of Texas, 106 Tex. 579, 173 S. W. 645, there is a continuation of the reasoning for this distinction. In that case it was held that the conducting of a butcher shop by a person who slaughters very few animals, but buys most of the meat sold in his shop from packing houses, is a "trade" within the meaning of the statute, because the butcher sells the meat which he cuts up and butchers, and that such cutting and butchering requires skill and experience in butchering and makes him more than merely a merchant or dealer in meats. The court says:

"But a tool or apparatus belonging to and used only in the business of selling meat is not exempted."

It is contended here that the articles sought are of small value; that the bankrupt is a small merchant; and that the rule he contends for should apply to small merchants and not to large merchants or to great emporiums where thousands of dollars are invested in fixtures and furniture. The Legislature could have exempted such fixtures; it could have fixed the amount to be exempted, but did not do so. If a few counters or fixtures are necessary for a small business, more counters and more fixtures would be equally necessary for a large business, and it would be surprising to exempt the small but refuse the exemption to the large. Manifestly one may sell merchandise without any shelf or counter to support it and without any show case in which

to exhibit it, and, nowdays, without any scales upon which to weigh it. Such things are the niceties and conveniences of the business, but are not, in a legal sense, necessary.

The exemption is denied and the decision of the referee affirmed.