[No. 843.  Decided July 25, 1893.]

THE CHURCH OF CHRIST OF PALOUSE CITY, *Respondent*, v. MARY BEACH, *Appellant*.

SPECIFIC PERFORMANCE OF DECEDENT'S CONTRACT TO CONVEY — ACTION AGAINST HEIR — BURDEN OF PROOF — WEIGHT OF TESTIMONY.

Although ch. 13, title 12, Code Proc., provides how specific performance of the contracts of deceased persons for the conveyance of land may be enforced against their representatives, such statute does not abridge the equitable jurisdiction of courts to enforce specific performance in such cases against the heir.

In an action for the specific performance of a contract for the conveyance of five lots of land to which the defense is interposed that by mistake of the scrivener the bond called for five lots when it was the intention of the parties to contract but for two, the burden of proof is upon the defendant to overcome the presumption that the bond expresses the agreement of the parties; and, where the testimony is conflicting, the finding of the lower court in favor of the plaintiff will not be disturbed.

*Appeal from Superior Court, Whitman County.*

*Norman Buck, Ettinger & Wilson,* and *Crowley & Sullivan,* for appellant.

*E. R. Pickrell, Chadwick & Fullerton,* for respondent.

The opinion of the court was delivered by

Dunbar, C. J.—The first objection of the appellant, that this action cannot be maintained for the reason that it is not in accordance with the provisions of chapter 13, Code Proc., p. 457, which provides how specific performance of contracts of deceased persons may be enforced against their representatives, conceding that it could now be raised, is not well taken. Actions to compel the specific performance of a contract belonged originally to the exclusive jurisdiction of courts of equity, and to enforce such a contract is one of the inherent powers of a court of equity, a power which can only be taken away by express legislation, and concurrent jurisdiction conferred by statute upon a law court will not divest the courts of equity of jurisdiction. This is a case where the jurisdiction of law has been enlarged by statute, and the rule is thus laid down in such cases in 1 Pomeroy, Equity Jurisprudence (2d ed.), §279:

"Where, on the other hand, the new power is conferred upon the law courts by statutory legislation, the rule is well settled that unless the statute contains negative words or other language expressly taking away the preëxisting equitable jurisdiction, or unless the whole scope of the statute, by its reasonable construction and its operation, shows a clear legislative intent to abolish that jurisdiction, the former jurisdiction of equity to grant its relief under the circumstances continues unabridged."

It is also stated by Sutherland on Statutory Construction, §399, that the jurisdiction of a court is not impaired by statutes conferring upon other tribunals jurisdiction of the same kind and to reach the same redress, unless the statutes expressly take away the former jurisdiction. Also, "where a statute gives a new remedy for a right existing and enforcible either at common law or in equity, and contains no negative, express or implied, of the old remedy,

the new one provided by it is cumulative, and the party may elect between the two.''

The cases cited by these learned authors fully sustain the text, and there is nothing in the act in question indicating an intention to restrict bringing actions for specific performance in a law court or to in any manner affect the jurisdiction of courts of equity over this character of cases, although we do not now decide that the provisions of chapter 13 are applicable to this kind of a case.

A considerable portion of the argument in this court was devoted to a discussion of community property interests. There is no question concerning community property raised by the pleadings — no allegations either in the complaint or answer on that subject. It appears from the complaint that Mary Beach and Mary Fitch are one and the same person, but it does not appear whether her name was changed by act of the legislature, by decree of court, or by subsequent marriage, and the answer is entirely innocent of any reference to the marriage relation of the defendant, Mrs. Beach. This being an equity case, however, had the case been tried on that issue, and had the testimony justified such a course, this court might have considered the issues raised by the pleadings which should have been raised; but not only does the answer fail to assert the community rights of Beach, or any community rights whatever, but it was not made or attempted to be made an issue at the trial. It only incidentally appears from the testimony that the defendant Mary Beach has been married the second time, and the cause was tried on the single issue, viz., that, by a mistake of the scrivener who prepared the bond, lots 6, 7 and 8 were inserted therein, and that it was not the intention of the parties executing the bond to incorporate those lots in said bond. The question of community property not having been pleaded, and not having been raised in any manner in the lower court, will not be considered here.

On the question of fact presented, viz., whether the terms of the oral contract entered into between the Fitches and the trustees of the church were fully incorporated in the bond, which is the basis of this action, we are not disposed to disturb the findings of the lower court. The bond plainly calls for five lots, instead of two. People of ordinary discretion are presumed to know the import of any instrument to which they attach their names, and to know what it contains, especially so simple an instrument as the one in question, where, if read at all, it could not but inform the reader of the mistake claimed; hence the presumption is that the bond expresses the agreement of the parties, and the burden of proof is, therefore, upon the appellant to overcome such presumption. The testimony is exceedingly tedious and conflicting, but from its perusal we cannot say that the weight of testimony is with the appellant. In fact it appears to us to be with the respondent.

There can be no force to the claim that the action to enforce specific performance was premature, because the appellant has not yet obtained title. According to her own testimony there are two sources of title, and she has availed herself of both of them.

The judgment is affirmed.

STILES, HOYT, ANDERS and SCOTT, JJ., concur.