[No. 1874. Decided January 27, 1896.]

THE STATE OF WASHINGTON on the *Relation of* FRANK I. GANNON, *Respondent,* v. J. M. HITT *et al., Appellants.*

MANDAMUS — WHEN LIES — ISSUANCE OF TEACHER'S CERTIFICATE.

Mandamus will not lie to compel the board of school examiners of a county to issue a teacher's certificate to an applicant entitled thereto, a remedy in such cases being provided by Gen. Stat., §§ 776, 781, authorizing appeal to the superintendent of public instruction.

Appeal from Superior Court, Whatcom County— Hon. JOHN R. WINN, Judge. Reversed.

*Newman & Howard,* for appellants.

The opinion of the court was delivered by

GORDON, J.—The relator, Frank I. Gannon, instituted this proceeding in the superior court of Whatcom county to compel the appellants, the board of school examiners of said county, to issue a teacher's certificate of the third grade entitling respondent to teach in the common schools of said county for a period of one year. The alternative writ issued upon respondent's affidavit and motion, recites that appellants constitute the board of school examiners of said

county, that in February, 1894, said board held a public examination of teachers at which respondent was examined in accordance with law in all branches requisite for a certificate of that grade, that at said examination he received an average grading of 69.08 per cent., thereby, as he alleges, being entitled to a third grade certificate; it further recites that he is a person of good moral character and had furnished said board satisfactory proof thereof, and that he possessed all the qualifications required by law to entitle him to said certificate, but that said board wrongfully and unlawfully refused upon demand to issue the same. The appellants demurred to the alternative writ on the ground that the court had no jurisdiction of the subject matter of the action, and that the same did not state facts sufficient to entitle respondent to the relief sought. The demurrer was overruled, and the appellants, reserving an exception to such ruling, filed an answer. Thereafter the court proceeded to try the issue of fact, and, upon such trial, rendered judgment against appellants making the alternative writ peremptory, from which judgment and the order overruling the demurrer this appeal is taken.

We think the demurrer should have been sustained. It has long been settled at the common law, and by statute in nearly, if not all, of the American states, that mandamus, being an extraordinary legal remedy, will not be awarded where the relator has any other adequate remedy. The language of our statute, § 736, Code Proc., is:

"The writ shall not be issued in any case where there is *any other plain and adequate remedy*."

Paragraph 9, § 776 of Gen. Stat., and § 781 of the same volume provide for an appeal to the superin-

tendent of public instruction from the decision of the county board of examiners. Paragraph 14 of said § 776 provides that the county superintendent shall —

".   .   .   appoint, for one year, two persons holding the highest grade certificate in his county, and such persons, with the county superintendent, shall constitute a board of examiners for the examination of teachers."

Paragraph 9 of the same section requires the superintendent —

"To keep in a suitable book an official record of all persons examined for teachers' certificates, showing the name, age, nationality, date of the examination, and grade of certificate issued. He shall also retain, for six months, a list of the questions, and the written answers to the same, of all applicants, and hold the same subject to the order of the superintendent of public instruction; and in case any teacher or applicant shall feel aggrieved at the result of an examination, or in case a certificate is revoked by the county superintendent, the right of appeal to the superintendent of public instruction shall not be denied the teacher or applicant; *provided*, that said appeal be taken within thirty days from the date of the notice of such grievance, revocation or refusal."

Section 781, *supra*, provides that —

"When an applicant for a certificate at a regular examination shall feel aggrieved at the decision of the county board of examiners, and shall appeal to the superintendent of public instruction, the questions used and the answers given shall be examined by him, and if the decision of the county board of examiners be reversed, *the superintendent of public instruction shall issue to the appellant a certificate of such grade as the answers to the questions used shall warrant*, and said certificates shall be valid in the county where the applicant was examined.   .   .   ."

We think it very plain that the relator has mistaken

his remedy.   The judgment appealed from will be reversed, and the cause remanded to the superior court with directions to sustain appellants' demurrer to the alternative writ.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.