[No. 2673. Decided December 6, 1897.]

THE STATE OF WASHINGTON, on the Relation of Ida C. Achey, Respondent, v. D. T. CREECH, Sheriff, Appellant.

MANDAMUS AGAINST SHERIFF — RIGHT OF DESERTED WIFE TO MAINTAIN
TO ENFORCE EXEMPTIONS.

Mandamus will lie against a sheriff, at the suit of a wife, either in case of abandonment by her husband or in his absence, to compel the sheriff, who has levied upon community property, to set aside that portion which is exempt by statute from execution.

Where tools and implements useful in logging operations are, from the nature of the country, necessary articles in farming, clearing and improving farms, they may be claimed as exempt under the exemptions allowed farmers, although having been used also in the logging business.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge. Affirmed.

Action by the relator, as abandoned wife, to obtain a writ of mandate against defendant, as sheriff of Chehalis county, Washington, to compel him to release and set aside to her certain personal property used in farming and logging, and claimed as exempt under the statute. The property claimed as exempt consisted of four dozen fowls, three cows, four steers, one calf, one bull, five grown swine with their small pigs, one span of horses, their harness and wagon for farm use, one saddle horse, logging tools and capstan used in logging, necessary household furniture, bedding and articles used by said family not exceeding in value the sum of fifty dollars. Plaintiff further alleged that she had no way of supporting herself and her children except by retaining all said property and continuing the farming and logging business. From a judgment in her favor, the defendant appeals.

*J. C. Cross*, for appellant.

*William O. McKinlay*, for respondent.

PER CURIAM.—We have examined the pleadings and the testimony in this case in detail, and are satisfied that the plaintiff was a proper party to the action, and had a right to bring the same. If she was an abandoned wife, she had a right to bring it and have the exemption set aside for the benefit of herself and family, and if she was not, in the absence of her husband, she had a right to select the property,

and to have it exempted.  The action also properly lies against the officer to compel the performance of this duty. We think the testimony fully justifies the findings of the court.  Even if we were to hold that the right to exemption in cases of persons of different occupations was not cumulative, there is sufficient evidence in this case to sustain the finding that the tools and implements claimed by the plaintiff were necessary articles in farming, clearing and improving farms in that country.

The judgment will be affirmed.