[No. 4685.   Decided August 15, 1903.]

THE STATE OF WASHINGTON *on the Relation of E. Hill, Respondent,* v. J. H. GARDNER, *Sheriff of Lincoln County, Appellant.*

MANDAMUS — AGAINST SHERIFF — COMPELLING RELEASE OF EXEMPT PROPERTY — INADEQUACY OF REPLEVIN.

Mandamus will lie to compel a sheriff to release exempt property held by him under attachment for the reason that replevin does not furnish a speedy remedy, since it may result in withholding possession from the debtor until the end of an extended litigation.

SAME.

Under Bal. Code, § 5755, which provides that mandamus will lie "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station," a sheriff is bound to return upon demand exempt goods which he had levied upon, where the creditor has not demanded an ap-

praisement thereof within a reasonable time, inasmuch as Bal. Code, § 5255, provides that upon the debtor's furnishing the officer with a list of his personal property, together with that claimed as exempt, the officer shall return with his process the list of property claimed as exempt, in case no appraisement thereof had been required by the creditor (Fullerton, C. J., dissents).

ATTACHMENT — EFFECT OF APPEARANCE — WAIVER OF EXEMPTIONS.

No time being specified in the statute when the debtor shall claim his property as exempt from levy, his appearance and motion for the dissolution of an attachment would not constitute a waiver of the right to claim his exemptions.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Affirmed.

*E. A. Hesseltine* and *Myers & Warren,* for appellant:

The relator had an adequate remedy by replevin. *Thebault v. Lennon,* 64 Pac. 449; *Collett v. Allison,* 25 Pac. 516; *Habershaw v. Sears,* 5 Pac. 208; *Gass v. Van Wagner,* 63 Mich. 610; *Carlson v. Small,* 32 Minn. 492; *Cooley v. Davis,* 34 Iowa, 128; *Mallory v. Berry,* 16 Kan. 293; *Richards v. Kirkpatrick,* 53 Cal. 433; *Carruth v. Grassie,* 71 Am. Dec. 707.

*Martin & Grant,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This is a mandamus proceeding to compel the sheriff of Lincoln county to release to the relator certain personal property which has been seized by the sheriff and taken into his possession by virtue of a writ of attachment. The attachment writ was issued in an action wherein one Parrish was plaintiff and the relator was defendant. In the attachment proceeding the relator here, as defendant therein, appeared, and moved for the dissolution of the attachment and for the release of the property. The motion was denied, and the relator appealed to this court

from the order denying the motion. Said appeal is still pending and undetermined. After taking the appeal, the relator under oath made and delivered to the sheriff a list of all his personal property, and at the same time and place he delivered to him an itemized list of all his personal property claimed by him to be exempt, and demanded the release of the same, which was refused. After a period of about twenty days from the presentation of said lists and the making of said demand this proceeding was commenced. The trial court issued an alternative writ of mandate, and at the hearing, after considering the evidence, found that the relator is entitled to the release of certain property as exempt. A peremptory writ of mandate was ordered, directing the said sheriff and his successor in office to forthwith deliver such exempt property to the relator. This appeal is from that judgment.

The appellant urges that the motion to quash the alternative writ should have been sustained, for the reason that the relator had an adequate remedy by replevin. Under § 5756, Bal. Code, the writ of mandate must be issued in all cases "where there is not a plain, speedy and adequate remedy in the ordinary course of law." It is insisted that such a remedy existed, and that the writ was improperly issued. Whatever might be said of this as an original question, this court has already upheld mandamus as a proper proceeding in such a case. *State ex rel. Achey v. Creech,* 18 Wash. 186 (51 Pac. 363). Appellant suggests that the opinion in that case does not disclose that the propriety of the remedy by mandamus was challenged, but that it rather appears that the contest was concerning the right of an abandoned wife to claim exemptions of community property in the absence of her husband. We have examined the briefs submitted in that

case and find that the exact point raised here was urged then. It was insisted that *State ex rel. Gannon v. Hitt,* 13 Wash. 547 (43 Pac. 638), was decisive that mandamus would not lie in the case then before the court. But the court took the view that the remedy by replevin or claim and delivery was not sufficiently speedy and adequate. The opinion is short, and does not enlarge upon the reasons which led the court to its decision upon that branch of the case. It may be added here, however, by way of argument in support of the rule adopted then, that in an action of replevin the claimant must give a bond in order to procure an immediate delivery of the property, and even then the person in possession may retain the same by giving a re-delivery bond. §§ 5420, 5422, Bal. Code. The object of the exemption statutes is to accord to the householder the immediate possession and use of the exempt property for the benefit of the family. It may well be said that replevin does not furnish a speedy remedy, since it may result in withholding possession until the end of an extended litigation, during which time the family is deprived of that which the law intends shall be uninterruptedly held for its use. In any event, however, we shall not depart from the rule adopted in the former case.

Mandamus will lie "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." § 5755, Bal. Code. What was the duty of the sheriff in the premises? The relator had complied with the provisions of § 5255, Bal. Code, in furnishing to the officer a list of all his personal property, and also of that which he claimed as exempt. The same section gave to the attaching creditor the right to have the property appraised, but it appears that no demand was made for an appraisement. No time is fixed within which such demand shall be made, and a reasonable

time must, therefore, have been intended. Twenty days had elapsed in this case, which was certainly more than a reasonable time. Referring to the property claimed as exempt, the same section provides that "the property therein specified shall be exempt from levy and sale." No appraisement having been demanded to test the accuracy of the specified exemptions, the property was, therefore, exempt from levy, and it became the manifest duty of the officer to release it from the levy under which he held it. At the trial, upon the return to the alternative writ, the court also heard evidence as to the vocation, married relation, and residence of the relator, and the character of the property claimed as exempt. From the facts found, the exemptibility of the property described in the court's judgment was determined, and from the evidence in the record we shall not disturb the findings or the conclusions thereon.

It is next urged that the relator waived his claim to exemption by reason of appearing and moving to dissolve the attachment without first making claim for the exemption. No time is specified in the statute when the claim for exemption shall be made. In *Wiss v. Stewart*, 16 Wash. 376 (47 Pac. 736), this court held that, even under the law of 1895, requiring a formal record declaration of homestead, the same may be selected at any time before sale, saying:

"The latter act in no way affects the provision in relation to the time of making the selection, but simply undertakes to direct the manner of such selection, and the provision that such homestead may be selected at any time before sale is still in effect."

By analogy we think a similar rule should apply to exemptions of personal property, and that the claim may be made within any reasonable time before sale. This

seems to be a wholesome rule for the protection of the
family. Circumstances might arise where the actual seiz-
ure of the property might not be known until near the
time of sale. When there has been no express waiver, and
no conduct that must lead to the conclusion that a waiver
was intended, the right may be exercised at any time
before sale.

"Waiver, it has been said, is a question of intention, to
be determined as a fact. Conduct or consent, therefore,
to show a waiver, should be inconsistent with an intention
to claim exemptions. This proposition is not laid down
in express terms in any reported case, but it is clearly sus-
tained by the decisions." 12 Am. & Eng. Enc. Law (2d
ed.), 197.

We are unable to see that the prompt effort to dissolve
the attachment was inconsistent with an intention to claim
exemptions. It may rather be said to have been consist-
ent therewith, since we must assume that the relator in
good faith believed the attachment should be dissolved for
legal reasons, and that no claim of exemption would be
necessary as against a wrongful attachment. When the
attachment was, however, at least temporarily held good
by the refusal to dissolve it on motion, the claim for ex-
emption was made. We think the relator's course was not
a waiver of his right to exemption.

The judgment is affirmed.

MOUNT and DUNBAR, JJ., concur.

ANDERS, J. (concurring). Were it not for the former
rulings of this court to the effect that an officer holding
property under a valid writ, and which is claimed by the
debtor as exempt from seizure and sale, may be compelled
to deliver the same to such debtor, I should feel strongly
inclined to hold that the judgment ought to be reversed

for the reason that the delivering of this property by the sheriff to the relator is not, under the admitted facts in this case, "an act especially enjoined by law," and therefore not enforcible by mandamus. The language of the law prescribing the duty of the sheriff in cases like this is as follows:

"In case no appraisement be required, the officer shall return with the process the list of the property claimed as exempt by the debtor." Bal. Code, § 5255.

And in view of that provision of the statute, it is somewhat difficult for me to see how the sheriff could be peremptorily commanded to release the property held by him under the writ of attachment. But, inasmuch as it seems to have been heretofore decided by this court that mandamus is a proper remedy in cases like the one at bar, I am constrained to concur in the opinion written by Judge HADLEY.

FULLERTON, C. J. (dissenting). Inasmuch as this court has heretofore adopted the rule that mandamus will lie to compel an officer who has levied upon personal property of a judgment debtor to turn back to such debtor the property which he has the right to claim and does claim as exempt, and inasmuch as the merits of such a controversy can be tried under the statutory writ of mandamus, I am willing to adhere to the rule so adopted, notwithstanding I think it an application of the writ not warranted by the common law, nor contemplated by the statutes. I cannot assent, however, to the second position taken in the opinion, namely, that § 5255 of Bal. Code furnishes an exclusive remedy for contesting the validity of an exemption claim where the value of the property claimed is all that is in contest. The statute cited does not in terms provide that the remedy therein provided for shall be exclusive

of this question, and, as was said by this court in *Christ Church v. Beach*, 7 Wash. 65 (33 Pac. 1053), quoting from Sutherland on Statutory Construction, "Where a statute gives a new remedy for a right existing and enforcible either at common law or in equity, and contains no negative, express or implied, of the old remedy, the new one provided by it is cumulative, and the party may elect between the two." This being the rule, the judgment creditor, through the officer levying the writ, had a right to contest the validity of the debtor's claim to the property by showing at the hearing on the writ that it grossly exceeded in value the amount allowed as exempt under the statute. As the trial court refused to allow him to contest the claim on this ground, I think the judgment should be reversed.