[No. 4530.  Decided March 19, 1904.]

AMERICAN PAPER COMPANY et al., Appellants, v. J. P.
SULLIVAN, Respondent.[1]

EXEMPTIONS—PRINTING PRESS AND TOOLS—FAILURE TO DEMAND
APPRAISEMENT—RELEASE OF EXECUTION.  Where, upon the levy of
an execution upon a printing press and printing outfit, duly claim-
ed by the head of a family, a job printer, as exempt as his tools
and instruments of trade, the plaintiff does not demand an ap-
praisement, it is the duty of the officer to release the levy.

SAME—RELEASE OF EXECUTION—MANDAMUS—REMEDY IN ORIG-
INAL ACTION—SUBMISSION TO JURISDICTION.  Where an officer re-
fuses to release exempt property levied on under execution, and
the defendant applies to the court in the original action for an
order of release by the filing of an affidavit sufficient in all par-
ticulars for a mandamus, an appearance by the plaintiff asking a
dismissal, or in the alternative for a continuance of the hearing,
which was granted, submits the matter to the jurisdiction of the
court in the original action and after contesting the matter at the
hearing as in the case of mandamus proceedings the plaintiff can
not claim that the only remedy was by mandamus.

Appeal from an order of the superior court for Chehalis
county, Irwin, J., entered August 12, 1902, after a hearing
before the court upon affidavits, ordering the sheriff to re-
lease property from a levy as exempt.  Affirmed.

J. C. Cross, for appellants.

John C. Hogan, for respondent.

HADLEY, J.—It has been made to appear to this court
that the respondent, J. P. Sullivan, died during the pend-
ency of this appeal, and that Laura W. Sullivan has been
appointed by the superior court of Chehalis county admin-
istratrix of the estate of said deceased.  It further appears
that said administratrix has filed a petition herein, praying
that she be substituted as party respondent in this action,

[1]Reported in 75 Pac. 991.

and, the attorneys of the respective parties having stipulated that such substitution may be made without notice, it is therefore hereby ordered that said administratrix be, and she is hereby, substituted as such party respondent.

Judgment was obtained by the appellant American Paper Company against the respondent, J. P. Sullivan, in the superior court of Chehalis county. Thereafter, on the 19th day of July, 1902, the said appellant caused an execution under said judgment to be levied upon a certain printing press and printing outfit, belonging to said respondent. On the 24th day of the same month, said respondent filed an affidavit in the cause in which the judgment was rendered, stating that he was a householder, the head of a family consisting of himself, a wife, and three children, with whom he resided in said county; that he was a mechanic, a job printer by trade, and that all of the personal property so levied upon was, at the time of the levy, in actual use by him as the tools and instruments for carrying on his said trade for the support of himself and his family; that, after said levy was made, the said respondent delivered to the officer making the levy a verified itemized list of all personal property owned by him; that he also delivered to the officer a list of separate items of property claimed by him as exempt; that the claim for exemption was ignored, and that the appellant American Paper Company made no demand for an appraisement; that the officer informed said respondent and his attorney that the said appellant would not demand an appraisement; that the officer refused to release the property, and was proceeding to sell the same. The affidavit concluded with a prayer that the court should make an order directing the sheriff to release the property from the levy, and deliver possession to said respondent. Accompanying the affidavit, and filed with it, was a motion asking the court

to make an order directing the sheriff, his deputy, and the appellant American Paper Company to show cause on the following day why the sheriff should not be ordered to release said property from said levy as exempt. Such an order was made.

At the time fixed the sheriff, his deputy, and the said American Paper Company appeared by counsel, and moved for an order vacating the order to show cause. The motion, however, stated that, if the requested vacation should be denied, then, in that event, they move the court for an order continuing and extending the time for making return to the order to show cause for a period of ten days. The vacation of the order to show cause was denied, but the continuance was granted, and separate returns were thereafter made. The returns admitted the refusal to release the property from the levy, and also that no appraisement was demanded. Upon a hearing the court found that the property was exempt, and that the said respondent had claimed the same as exempt in the manner provided by law. The sheriff was ordered to release the property, and this appeal is from that order.

No appraisement having been demanded by the execution creditor, the debtor was entitled to the release of the property claimed as exempt. § 5255, Bal. Code; *State ex rel. Hill v. Gardner,* 32 Wash. 550, 73 Pac. 690; *Messenger v. Murphy,* 33 Wash. 353, 74 Pac. 480.

It is claimed by appellants that the court had not jurisdiction to order the release in this proceeding. In the cases above cited, and. also in an earlier case—*State ex rel. Achey v. Creech,* 18 Wash. 186, 51 Pac. 363—this court held that mandamus is a proper remedy to procure the release of property under such circumstances. As we have seen, the procedure here was begun by the filing of the affidavit in the original case. An order to show cause fol-

lowed, and to that order an appearance was made. Under the appearance a motion in the alternative was made that the order be vacated, or that further time be granted for return thereto. Upon the granting of the latter alternative, returns were made, a hearing was had, evidence was taken, and the procedure in all essential particulars excepting name was that of mandamus. The procedure was begun by an affidavit, which in all particulars would have served the purposes of a mandamus suit, even if it had been so called, and, by the alternative request of appellants, they invited the adoption of procedure in the nature of mandamus. To properly insist now that the court had not judisdiction, under the motion in the original action, would have necessitated standing upon objections to that motion, rather than to have voluntarily invited the procedure which was followed to the end. We think the course pursued was a submission to the jurisdiction of the court for the determination of the controversy.

Respondent insists that the court had the power to make the order for release, even under the mere motion in the original action, by reason of the principle that there is inherent power in every court to supervise the conduct of its officers and the execution of its judgments and processes. It is unnecessary to pass upon that contention now, however, and we do not do so, since, for the reasons already stated, we think the court did not err in its disposition of the case.

The judgment is affirmed.

FULLERTON, C. J., and ANDERS and MOUNT, JJ., concur.