[No. 5243.   Decided May 3, 1905.]

GEORGE M. MITCHELL *et al., Appellants,* v. JAMES PIRIE, *as Administrator of the Estate of John Pirie, Deceased, et al., Respondents.*[1]

SPECIFIC PERFORMANCE—PROMISE TO MAKE A GIFT OF LAND—EVIDENCE. Statements that land was intended for decedent's sister, and a promise to will it to her, amount to a mere promise to make a gift, which cannot be enforced after the death of the party making it, where it appears that he did not expect any return as a consideration for the land.

Appeal from a judgment of the superior court for King county, Joiner, J., entered December 4, 1903, upon findings in favor of the defendants, after a trial before the court without a jury, dismissing on the merits an action for specific performance. Affirmed.

*Charles F. Munday* and *Scott Calhoun,* for appellants.

*Ralph D. Nichols* and *William B. Allison,* for respondents.

1Reported in 80 Pac. 774.

PER CURIAM.—This is an action to enforce the specific performance of a contract to convey land. In their complaint the appellants alleged that John Pirie, now deceased, purchased the land in question and died seized and possessed of the same;

"That said land was purchased during the month of September, 1900, by said John Pirie, deceased, who immediately and continuously thereafter urgently requested said plaintiff, Christina Pirie Mitchell, both orally and in writing, to give up her home in Quincy, Massachusetts, and come out to Washington and establish and maintain her home on the land aforesaid, and there remain and maintain a home for herself and her family and said John Pirie, and keep house for him (said John Pirie), and promised said plaintiff, both orally and in writing, that, in consideration of her so doing, he would deed the above described premises to her as a permanent home for said plaintiff and her children."

It was further alleged that the appellant accepted said offer, and on or about November 10, 1900, left her home in Massachusetts and removed with herself and family to the lands in question, and from that time to the death of John Pirie, which happened some two months after her arrival, she kept house for him, and did and performed every act under the agreement on her part to be performed. It is this contract the appellants seek to enforce in this action.

That such an action will lie, we held in *Christ Church v. Beach,* 7 Wash. 65, 33 Pac. 1053, and *Davies v. Cheadle,* 31 Wash. 168, 71 Pac. 728, but we agree with the trial court that the evidence falls short of proving the contract alleged. It was shown that the deceased made repeated statements to the effect that he intended the farm for his sister, Mrs. Mitchell, and she produced a letter from him to her in which he states he will will the land to her. But

there is nothing in the letter, nor in any of his declarations as repeated by the witnesses, to the effect that he expected any return from her as a consideration for the land. At most the evidence shows he intended to make her a gift of it. A promise to make a gift cannot be enforced by suit after the death of the party making the promise.

The judgment appealed from is affirmed.