# THE STATE OF INDIANA, EX REL. BARNETT, *v.* THE STATE BOARD OF MEDICAL REGISTRATION AND EXAMINATION.

[No. 21,098.   Filed March 30, 1910.]

1. MANDAMUS.—*Alternative Writ.—Asking Too Much Relief.*— The inclusion in the mandatory clause of an alternative writ of mandate of a command for greater relief than the relator is entitled to under the allegations of the petition and writ, is fatal on demurrer or motion to quash.  pp. 708, 710.

2. MANDAMUS.—*State Board of Medical Registration and Examination.—Examination of Applicants.—Certificates.—Issuing of.* —An applicant for a license to practice medicine has no right to a writ of mandate compelling The State Board of Medical Registration and Examination to grant to him an examination, and, if successful, to issue to him a certificate requiring the clerk of the proper circuit court to grant to him a license, since under §8405 Burns 1908, Acts 1901, p. 475, §1, such board is required to pass upon certain questions of moral fitness of an applicant, and from its decision therein an appeal lies to the circuit or superior court. pp. 708, 710.

3. MANDAMUS.—*Other Adequate Remedy.*—Mandamus does not lie where there is another adequate legal remedy.  p. 709.

4.  PLEADING.— *Insufficient Complaint.— Insufficient Answer.— Demurrer.—Carrying Back.*—A bad paragraph of answer is sufficient for a bad complaint, and a demurrer to such answer should be carried back and sustained to the complaint.  p. 710.

From Superior Court of Marion County (71,377) ; *Vinson Carter,* Judge.

Action by The State of Indiana, on the relation of John A. Barnett, against The State Board of Medical Registration and Examination.  From a judgment for defendant, plaintiff appeals.  *Affirmed.*

*James P. Boyle, Merrill Moores, Walter Myers* and *John Ogden,* for appellant.

*James Bingham,* Attorney-General, and *Gavin & Davis,* for appellee.

MONKS, J.—This proceeding was brought by the relator to compel appellee, by writ of mandate, to perform certain alleged legal duties.

Appellee's demurrer for want of facts to the alternative writ was overruled.  Appellee filed an answer to the alternative writ in four paragraphs.  Appellant's demurrer for want of facts was sustained to the fourth paragraph of answer and overruled to the second and third paragraphs thereof.

The court made a special finding of the facts and stated a conclusion of law thereon in favor of appellee, and rendered final judgment against appellant.

The errors assigned call in question the conclusion of law and the action of the court in overruling the demurrer to the second and third paragraphs of the answer.

It appears from the alternative writ that in 1905 the relator filed an application with appellee, for a certificate "entitling him to a license from the clerk of Marion county, Indiana, to practice medicine, surgery and obstetrics in said county and state," and stating that he "wished to be classed with osteopathic."  The board refused to give him an examination or grant him such certificate.

The prayer in the petition for the alternative writ and the mandate in the writ were that appellee give the relator the examination required to be taken by one desiring to practice osteopathy in Indiana, and that said board "issue to the relator, if he successfully pass the examination, a certificate authorizing the county clerk to issue him a license to practice medicine, or show cause," etc.

It will be observed that said writ required appellee to give the relator said examination, and "to issue to the relator, if he successfully pass said examination, a certificate authorizing the county clerk to issue him a license to practice osteopathy."

The rule is well settled in this State, that the inclusion in the mandatory clause of the alternative writ of a command for greater relief than the relator is entitled to under 1. the allegations of the petition and writ renders the same insufficient as against a demurrer for want of facts or a motion to quash. *State, ex rel.,* v. *John* (1908), 170 Ind. 233, 235, 236. and cases cited; *State, ex rel.,* v. *Adams Express Co.* (1908), 171 Ind. 138, 140, 19 L. R. A. (N. S.) 93; *Advisory Board, etc.,* v. *State, ex rel.* (1906), 166 Ind. 237, 239, and cases cited; *State, ex rel.,* v. *Indianapolis Union R. Co.* (1903), 160 Ind. 45-47, 60 L. R. A. 831, and cases cited.

The alternative writ was clearly bad, because, even if the relator was entitled to an examination under the facts alleged in the petition and alternative writ, and man- 2. date was the proper remedy to compel such examination, a question we need not and do not decide, it does not follow that if he should successfully pass the examination he would be entitled to compel appellee by mandate to give to him a certificate authorizing the clerk of the circuit court to issue to him a license to practice osteopathy.

A person who successfully passes an examination to practice osteopathy may be refused a certificate authorizing the

clerk of the circuit court to issue him a license to practice osteopathy if he is guilty of a felony or gross immorality, or if he is addicted to the use of liquor or the drug habit, if for no other reason, as provided in §8405 Burns 1908, Acts 1901, p. 475, §1. Whether an applicant before said board is guilty of a felony or gross immorality, or is addicted to the use of liquor or the drug habit, as provided in §8405, _supra,_ is to be determined by said board, and said board cannot be compelled by mandate to decide such questions for or against an applicant. It is expressly provided in §8405, _supra,_ that "an appeal may be taken from the action of the board to the circuit or superior court of the county where the applicant lives, in case of a refusal of the certificate." _Spurgeon_ v. _Rhodes_ (1906), 167 Ind. 1, 12, 13; _State, ex rel.,_ v. _Webster_ (1898), 150 Ind. 607, 621, 622, 41 L. R. A. 212.

It is well settled that mandamus will not lie where the relator has another adequate remedy, as by appeal. _State, ex rel.,_ v. _Real Estate, etc., Assn._ (1898), 151 Ind. 502, 505, and cases cited; _Gregg_ v. _State, ex rel._ (1898), 151 Ind. 241; _State, ex rel.,_ v. _Board, etc._ (1874), 45 Ind. 501; _State, ex rel.,_ v. _Black_ (1906), 166 Ind. 138; _State, ex rel.,_ v. _Schmetzer_ (1901), 156 Ind. 528, and cases cited; _Nelson_ v. _State, ex rel._ (1907), 168 Ind. 491; _Fogle_ v. _Gregg_ (1866), 26 Ind. 345; _Couch_ v. _State, ex rel._ (1907), 169 Ind. 269, 124 Am. St. 221; _White_ v. _Burkett_ (1889), 119 Ind. 431; _State, ex rel.,_ v. _Board, etc._ (1891), 131 Ind. 90, 94, and cases cited; _Marshall_ v. _State, ex rel._ (1848), 1 Ind. *72; _Board, etc.,_ v. _Hicks_ (1851), 2 Ind. *527; _State, ex rel.,_ v. _Hitt_ (1896), 13 Wash. 547, 43 Pac. 638; _Ex parte Greenville College_ v. _County Board, etc._ (1905), 75 S. C. 93, 55 S. E. 132; High, Extra. Legal Rem., §15; Merrill, Mandamus, §§10, 209; 2 Spelling, Injunction (2d ed.), §§1374, 1390; 26 Cyc., 173.

It follows that the remedy for the refusal of the board to issue a certificate is not mandamus, but an appeal under

§8405, *supra,* even if the remedy for the refusal of
2. the board to give appellant an examination is by
mandamus.

It is evident, therefore, that said alternative writ was
insufficient, because it included in the mandatory clause
thereof a command for greater relief than the re-
1. lator was entitled to under the allegations of the pe-
tition and alternative writ. As said alternative writ
was insufficient, for the reason stated, it is not necessary
to determine whether the facts therein alleged were suffi-
cient to entitle the relator to an examination by said board,
and whether mandate was the proper remedy therefor.

As the alternative writ was insufficient, it is immaterial
whether the second and third paragraphs of the answer
thereto were good or bad, for the reason that it is
4. settled law in this State that a bad answer is good
enough for a bad complaint, and there can be no re-
versal of a judgment for error in overruling a demurrer to
a bad answer if the complaint is insufficient as against a de-
murrer for the want of facts. *City of Delphi* v. *Hamling*
(1909), 172 Ind. 645, and cases cited; *Lux, etc., Stone Co.* v.
*Donaldson* (1904), 162 Ind. 481, 491, and cases cited; *Alex-
ander* v. *Spaulding* (1903), 160 Ind. 176, 180, and cases cited.
It follows that the demurrer to said answer should have been
carried back and sustained to the alternative writ.

As was said in *Ice* v. *Ball* (1885), 102 Ind. 42, 47:
"Where, as here, the plaintiff appeals, and it is shown by the
record that he has no cause of action against the defendants,
intervening errors, if any, must be regarded as harmless,
and the judgment must be affirmed. *Fell* v. *Muller* [1881],
78 Ind. 507; *Rawson* v. *Pratt* [1883], 91 Ind. 9; *Clawson* v.
*Chicago, etc., R. Co.* [1884], 95 Ind. 152." The following
cases are to the same effect: *Carmel Nat. Gas, etc., Co.* v.
*Small* (1898), 150 Ind. 427, 431, 432, and cases cited; *Palmer*
v. *Logansport, etc., R. Co.* (1886), 108 Ind. 137; *Davis* v.

*McMillan* (1895), 13 Ind. App. 424, 427, 428, and cases cited; *Butler* v. *Pittsburgh, etc., R. Co.* (1897), 18 Ind. App. 656, 663.

The judgment is therefore affirmed.