ANDERSON, Respondent, v. BRUFLAT, Sheriff, Appellant.
(167 N. W. 397.)

(File No. 4298.   Opinion filed May 1, 1918.   Rehearing denied
June 1, 1918.)

1.  Mandamus—Exemption, Claim of by Debtor's Wife—Possession,
Right to Remedy, Mandamus as Exclusive.

Mandamus is the proper legal remedy for protection of the
right to exemptions of personalty, where a defendant sheriff
unlawfully withholds exempted property, possession of which as
exempt property has been duly demanded by the wife of de-
fendant in the attachment under Code Civ. Proc., Secs. 346
and 347, granting certain additional exemptions to a debtor
who is head of a family; this as against the contention (1) that
mandamus will not lie because plaintiff had no other plain,
etc., remedy at law, and (2) because she had not established
her legal right to possession, and (3) because the acts sought
to be compelled are discretionary and quasi-judicial, not minis-
terial, in nature.   So held, it appearing that the attachment
debt was not incurred for property obtained under false pre-
tenses, nor for laborer's or mechanic's wages, for necessaries
of life, for physician services, nor for purchase price of the
property claimed as exempt; it not appearing that debtor was in
the act of absconding, etc.; the appraisement showing the
property claimed to be less than $750 in value.

2.  Exemptions—Policy of Law—Liberal  Construction—Mandamus
as Remedy.

Our exemption law, being based upon considerations of
sound public policy, was designed for benefit of debtor and
family, and the statute should be liberally construed.   So held,
in approving of the remedy of mandamus to recover possession
of exempt personalty unlawfully held by a sheriff, as against
the claim of plaintiff, debtor's wife.

3.  Same—Return of Property on Debtor's Demand—Duty of Sheriff.

After claim for exemption has been made, and where it is
clear and certain that the property levied upon by defendant
sheriff is exempt, it is his duty to immediately deliver it to
debtor, on the ground and for the reason that such property is
not liable to execution from the moment it appears the same
is exempt, since if debtor were compelled to bring replevin, or
conversion action to recover the property or its value, debtor
would be deprived of the statutory benefits, through expense
of litigation and time expended.

4.  Appeals—Error—Sufficiency of Evidence—No Motion for New
Trial, Effect.

Where no motion for new trial was made, sufficiency of
evidence to sustain findings will not be considered on appeal.

5.  Appeals—Error—Evidence, Failure to Object, or Move for New
Trial—Evidence, re Findings, Presumption.

Where the record on appeal was that affidavits and other files and records were submitted to trial court without objection, it will be presumed upon appeal, in absence of motion for new trial, and nothing appearing to contrary, that findings were supported by sufficient evidence.

Appeal from Circuit Court, Hamlin County. Hon. CARL G. SHERWOOD, Judge.

Proceeding in mandamus by Hannah Anderson, against Ben Bruflat, as Sheriff of Hamlin County, to recover possession of alleged exempt property of plaintiff's husband from defendant, who held same under attachment. From a judgment granting a peremptory writ commanding defendant to deliver the property to plaintiff, defendant appeals. Affirmed.

*Linstrom & Benthin,* for Appellant.

*M. J. Russell,* for Respondent.

(1) To point one subd. 1, of the opinion, Appellant cited: Code Civ. Proc. Sec. 765; Oliver v. Willson, 8 N. D. 590; 80 N. W. 757; County Commissioners v. Cavanaugh, 3 Dak. 325. To subd. 3; Code Civ. Proc. Secs. 764, 361-5; 18 R. C. L. 119, 116; Heintz v. Moulton, 7 So. Dak. 272; 64 N. W. 135.

Respondent cited: Meyer v. Sheriff, (S. D.) 68 N. W., 310; Millerke v. Reiley, Sheriff, et al, (S. D.) 141 N. W., 136; Statt ex rel Scoville v. Wilson, (Neb.) 48 N. W. 147; Sec. 357, Code Civ. Proc.

McCOY, J. This appeal is from a judgment granting peremptory writ of mandamus commanding appellant as sheriff to turn over certain personal property to respondent, which property consisted almost entirely of household goods and kitchen furniture theretofore levied upon under and by virtue of a warrant of attachment against the husband of respondent.

[1, 2] The respondent claimed said property as exempt from levy under sections 346 and 347 of the Code of Civil Procedure. The respondent and her husband were and had been residents of this state for many years. The debt upon which the attachment was issued was not incurred for property obtained under false pretenses, nor for laborer's or mechanic's wages, nor for necessaries of life, nor for physician's services, nor for the purchase price of any of said property claimed to be exempt. It also appears that the said debtor was not in the act of absconding

or removing from the state with said property. Upon appraisement it was ascertained that said property was of value less than $750, and being of the value of about $148. It also appears that respondent's husband failed and refused upon notice to claim said property as exempt or to select a person to act as appraiser, and that respondent as the wife of said debtor made such claim for exemption and designated a person to act as such appraiser in accordance with the statute. After such appraisemnet and ascertainment of the value of said property, respondent demanded that defendant, as sheriff, turn over and deliver the same to her, which appellant refused and neglected so to do; and thereupon respondent instituted such mandamus procedure. It is the contention of appellant that mandamus will not lie under the circumstances of this case because it does not appear that respondent has not established her legal right to the possession of the property; and also because the acts sought to be compelled by mandamus are discretionary and quasi judicial in nature and not ministerial. We are of the view that each and all of these contentions of appellant are not well grounded. This court in the case of Meyer v. Beaver, 9 S. D. 168, 68 N. W. 310, held that mandamus was a proper remedy under circumstances very similar to those in this case. In that case the court said:

"Our exemption law, based upon considerations of sound public policy, was designed for the benefit of the debtor and his family, and the entire statute upon the subject should be considered and liberally construed."

[3] After claim for exemption has been made, and where it is absolutely clear and certain, as in this case, that the property levied upon is exempt, it is the duty of the sheriff or other officer having the process to immediately deliver the property to the debtor claiming such exemption, on the ground and for the reason that such property is not at all liable to execution from the moment it is made to appear that the same is exempt. If a sheriff or other officer were permitted to still hold possession of the property in spite of the claim and fact that it was exempt, and ignore his duty to return the same to the debtor, the entire purpose and effect of the exemption law would be rendered nugatory and of no benefit to the debtor. A debtor, if he were compelled to bring replevin, or conversion, action in the courts

to recover the property or the value thereof, especially where the value does not exceed that in this case, the time required and expenses of litigation would entirely consume the value of the property, and result in depriving the debtor of the benefits sought to be secured to him by the exemption statute. This seems to be the view held by other courts. State v. Gardner, 32 Wash. 550, 73 Pac. 690, 98 Am. St. Rep. 658.

[4, 5] No motion for new trial appears to have been made. In the absence of a motion for new trial the sufficiency of the evidence to sustain the findings of the trial court will not be considered on appeal. It appears that affidavits and other files and records were before the court for consideration, and so far as appears from the record on appeal, such affidavits, files, and records were submitted as evidence without objection. Under these circumstances in the absence of motion for new trial and nothing appearing to the contrary, it will be presumed that the findings were supported by sufficient evidence.

Finding no error in the record, the judgment appealed from is affirmed.