(28 App. Div. 472.)

MURPHY v. ALTMAN et al.

(Supreme Court, Appellate Division, Second Department.    April 19, 1898.)

INJURY TO SERVANT—INDEPENDENT CONTRACTORS—ASSUMPTION OF RISK.
    Where an owner who is erecting a building makes separate contracts with
    competent contractors for different parts of the work, each contractor or his
    workman takes the risk, so far as the owner is concerned, of fault on the
    part of the fellow contractors, and his only recourse is against the party who,
    either personally or through his servants, has been guilty of fault.

Appeal from trial term, Kings county.

Action by Bridget Murphy, as administratrix of James Murphy,
deceased, against Benjamin Altman and others.    From an order
denying plaintiff's motion for a new trial, she appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Thomas F. Magner, for appellant.

Joseph Larocque, Jr., for respondents.

CULLEN, J. The defendant Altman, being the owner of a lot and building in the city of New York, entered into a contract with the firm of Marc Eidlitz Sons for the construction of certain additions and improvements to the building. The contract provided for the construction, in the basement of the new building or addition, of a fireproof vault. The door of this vault, which was of the same general character as the door of a safe, and the frame in which it was to be set, were to be provided by the respondent, but the contractor was to handle them after delivery and build them in. In all other respects the whole construction of the vault was to be performed by the contractor. During the progress of the work the respondent made a contract with the Bostedo Cash-Carrying Company to put a pneumatic tube system throughout the whole building. The door and frame of the vault were delivered by the manufacturers, the Mosler Safe Company, at the building of the respondent. At this time the foundation for the frame had not been built. Immediately upon the delivery of the door the contractor's workmen proceeded to construct a brick foundation, and they, together with the employés of the safe company, placed the frame and door in position on that foundation. The walls of the vault adjoining the door frame were not built up. The plaintiff's intestate, a workman for a subcontractor of the Bostedo Company, was passing the door shortly after it had been placed in position, when it fell upon him, inflicting injuries from which he died. This action is brought against the respondent, as owner, the contractors, and the safe company for their alleged negligence in causing the death of the plaintiff's husband. At the close of the evidence the complaint was dismissed as against the respondent; afterwards the plaintiff moved for a new trial, and from an order denying that motion this appeal is taken.

The appellant contends that it was the duty of the respondent, owning and occupying the real property, to use reasonable care to see that the premises were in such condition that the plaintiff's intestate, lawfully upon them, would not be injured. In support of this claim is cited Flynn v. Railroad Co., 142 N. Y. 439, 37 N. E. 514, where it was held: "The general rule applicable to persons occupying real property for business purposes is that they must use reasonable prudence and care to keep their property in such a condition that those who go there shall not be unreasonably and unnecessarily exposed to danger. The measure of their duty is reasonable prudence and care." We concede that it was the duty of the defendant Altman to use reasonable care in the construction of his building. But the question is, what care was required of him? The case of a building in the course of construction is very different from that of a completed structure, which is used and occupied for business purposes, which persons are invited to en-

ter, and which such persons have a right to assume is reasonably safe.

In the cases of Burke and Savage v. Ireland, 50 N. Y. Supp. 369, we have recently been called upon to examine, at some length, the duty of an owner who has contracted for the construction of a building to the workmen who may be engaged in such construction, and his liability in case of injury to them. We there held that the owner, having designed a safe and proper structure, and having employed a competent builder as contractor for the construction of the building, was not liable to the workmen of the contractor or his subcontractor for injury which might befall them from the defective condition of the building, occasioned by the negligence of the contractor. The fact that the deceased was not the employé of Eidlitz or Eidlitz's subcontractors, but was working under an independent contract between the respondent and the Bostedo Company, does not, in our opinion, change the rule. It is the common practice in the erection of buildings to make separate contracts for different parts of the work, one for the mason work, another for the carpenter. work, and others for the heating apparatus, etc. It is generally necessary that the work of the several contractors shall be carried on concurrently. In such case there is no assurance or guaranty on the part of the owner that each contractor shall be guilty of no negligence by which his own workmen or the workmen of other contractors shall be injured. So far as the owner is concerned, each contractor or his workman takes the risk of fault on the part of his fellow contractors, and his only recourse is against the party who, either personally or through his servants, has been guilty of fault. In this case it was apparent to the deceased that the building was in the course of construction, and he took the risk of the work.

It is also sought to hold the respondent liable on account of the action of Perry, his cashier. When the door was brought to the building, the combination by which it could be locked or unlocked was made known by the safe men to Perry. After the door was in place Perry unlocked it, for the convenience of the workmen who were engaged in building the vault, but left it bolted. There is nothing to show that unlocking the safe tended in any way to cause the accident. It is conceded that the mere unlocking of the combination, as long as the bolts were not withdrawn, would have no tendency to render the position of the door less secure. It is urged that the jury were at liberty to discredit Perry's statement that the bolts were not withdrawn. Granting this, the mere discrediting of Perry would not supply the absence of affirmative testimony to the effect that the bolts were withdrawn. The burden of proof was on the plaintiff to establish affirmatively the negligence of the defendant, and in this she has failed.

The order appealed from should be affirmed, with costs. All concur; GOODRICH, P. J., in result.