(73 App. Div. 591.)

### HOGAN v. ARBUCKLE et al.

(Supreme Court, Appellate Division, Second Department. June 13, 1902.)

NEGLIGENCE—PERSONAL INJURY—OWNER OF BUILDING—CONTRACTORS.
     Where defendants contracted with a builder to rearrange a building according to certain plans, and, while he was in possession, plaintiff, in the employ of a company doing some electric work in the building, fell through a hole in the floor which was concealed by rubbish, and was injured, defendants were not responsible for such injury.

Appeal from special term, Kings county.

Action by William Hogan against John Arbuckle and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Charles C. Nadal (George O. Redington, on the brief), for appellants.

William A. Jones, for respondent.

WILLARD BARTLETT, J. In December, 1897, the defendants entered into a contract with John Kennedy & Son for the reconstruction of a building at the corner of John and Pearl streets, in the present borough of Brooklyn. The work covered by the contract was expressly specified "to include all of the labor and material of every kind necessary to transform the present coffee warehouse on the corner of John and Pearl streets, Brooklyn, into a melter house of a sugar refinery, including the mason, stone, iron, carpenter, roofing, shoring, and all other work incidental thereto, necessary to put in complete working order the work specified and shown by the plans." The firm of contractors took possession of the building for the purpose of doing this work in the early part of December, 1897, and did not complete

their work until July or August, 1898. On May 21, 1898, the plaintiff, who was then in the service of the Brooklyn Electrical Equipment Company, was engaged in doing some electrical work in this building, upon the third floor from the ground, and while thus occupied fell through a hole in the floor to the floor below. According to his testimony he did not know the hole was there, and it was obstructed from view by an accumulation of rubbish piled up along the line of his approach. He has recovered a verdict of $5,000 damages in this action for the injuries which he sustained by the fall thus occasioned, and the verdict is sought to be upheld upon the ground that the defendants are liable by reason of their failure to provide him with a reasonably safe place in which to do his work. I think the case falls within the doctrine of Murphy v. Altman, 28 App. Div. 472, 51 N. Y. Supp. 106, and similar decisions, and I am therefore of the opinion that the judgment, upon the evidence in the record before us, cannot be upheld. In the case cited it was decided that the owner of a building in the course of construction is not liable to an employé of one contractor for an injury caused by the negligence of another contractor. While it is conceded to be the duty of an owner to use reasonable care in the construction of his building, the care required under such circumstances differs materially from that demanded in the case of a completed structure. In such a case, where the work of a number of different contractors is carried on concurrently, "there is no assurance or guaranty on the part of the owner that each contractor shall be guilty of no negligence by which the workmen of his own or the workmen of other contractors shall be injured. So far as the owner is concerned," said Mr. Justice Cullen in the Murphy Case, "each contractor or his workman takes the risk of fault on the part of his fellow contractors, and his only recourse is against the party who either personally or through his servants has been guilty of fault." See, also, Callan v. Pugh, 54 App. Div. 545, 66 N. Y. Supp. 1118; Jehle v. Ellicott Square Co., 31 App. Div. 336, 52 N. Y. Supp. 366. In the case at bar the evidence leaves no doubt that the situation was practically the same as that which would exist in the erection of an entirely new structure. That this was the view of the learned trial judge is shown by the statement in his charge to the effect that here was a building "in the course of radical renovation practically the same as a building being erected." On the day of the accident the building was entirely given up to the work of alteration. The subcontractors under the firm of John Kennedy & Son, who were doing the carpentering and framing work, were then employed there, and continued to be so employed about three weeks after the accident. If there was any negligence in leaving the hole through which the plaintiff fell in a dangerous condition, it appears to have been attributable to them rather than to the defendants. Indeed, there is no evidence that the defendants at this time exercised any control whatever over the building, or, at all events, over that portion of it in which the plaintiff was at work. For these reasons, I think the judgment should be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.