### O'DONNELL v. WELZ & ZERWECK.

(Supreme Court, Appellate Division, Second Department.   October 11, 1904.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—FALL OF BUILDING—NEGLI-
   GENCE.

   Where, in an action for injuries to a servant by the collapse of certain coal pockets erected on defendant's premises, under which plaintiff was working, there was evidence that defendant had received at least two warnings before the accident that there was some defect in the plan which rendered it dangerous to load the pockets to their capacity, and, notwithstanding this, plaintiff was directed to work under the same with nothing but a beam placed under them to support the weight, which proved ineffectual, whether defendant was guilty of negligence was for the jury.

Appeal from Trial Term, Kings County.

Action by Frank O'Donnell against Welz & Zerweck. From a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John B. Doyle (John Vernon Bouvier, Jr., on the brief), for appellant.

Oswald N. Jacoby, for respondent.

HIRSCHBERG, P. J. The defendant is a domestic corporation engaged in the brewing business in the borough of Brooklyn, New York City. The plaintiff, in September, 1901, was in the employ of a contractor who had engaged to fill certain coal pockets on the defendant's premises, and while he was at work under the pockets the entire structure fell, inflicting the injuries of which he complains. I do not find reversible error in any of the rulings of the trial court, and the verdict cannot be regarded as excessive. If there is, therefore, sufficient evidence to justify the submission to the jury of the question of the defendant's negligence, the plaintiff is entitled to retain his judgment.

The coal pockets in question had just been built at or shortly before the time of the accident, and were being filled with coal for the first

time. There was some evidence that the ground upon which they were erected was soft and muddy. They rested upon iron beams, which were supported on one end by the wall of the defendant's boiler room, and on the other end by iron columns placed on a concrete foundation. Both the supporting framework and the coal pockets were constructed by independent contractors employed by the defendant, the entire work being finished and apparently accepted, in the month of August, 1901. The defendant then commenced to fill the pockets with coal, but before they were filled one of them gave way, for no reason which the evidence discloses unless that it was incapable of sustaining the weight of its capacity. The defendant employed a firm of house movers to shore up the fallen pocket, in which work the defendant's chief engineer assisted by putting some iron or steel plates under the platform connected with the shoring work. This chief engineer was in the courtroom at the time of the trial, but was not called to testify. After this accident had been repaired, and while the final work of filling the pockets was in progress, it was observed that the whole structure was shaking, and the defendant's vice president, Mr. Zerweck, together with the chief engineer, placed a beam, 12 by 12 inches, under the structure, either to steady or support it. This was at about half past 2 o'clock in the afternoon of the day of the plaintiff's accident, and about two hours and a half before that occurrence. During these two and a half hours the coaling work was permitted to proceed until. the weight evidently became too great for the structure to carry, and the whole thing came down, as a witness describes it, "with one crash."

In claiming immunity for their client for the consequences of.the accident, the learned counsel for the appellant rely upon the proposition established in Burke v. Ireland, 166 N. Y. 305, 59 N. E. 914, that the owner of a building in process of erection is not responsible for the defective execution by a contractor of a competent plan of construction. The case has no controlling application. The measure of liability is different in the case of an unfinished building from one which has been completed, accepted, and in use. This was pointed out by Mr. Justice Cullen in Murphy v. Altman, 28 App. Div. 472, 474, 51 N. Y. Supp. 106, in the following words: "The case of a building in the course of. construction is very different from that of a completed structure, which is used and occupied for. business purposes, which persons are invited to enter, and which such. persons have a right to assume is reasonably safe." Aside from this consideration, however, the evidence in this case tends to affirmatively establish negligence on the part of the defendant. It had received at least two warnings before the accident that there was some defect in either the plan or structure, which rendered it dangerous to load the pockets to their capacity, and the jury was entitled to conclude that in such circumstances it was not reasonable care to proceed with the work and its attendant risks with no other safeguard than the temporary, and, as the event proved, inadequate, means adopted to secure the safety of the workmen. In addition to this, there is some evidence that a hoisting apparatus, which occasioned additional weight and strain, was attached by the defendant to the structure, and that the architect by whom the structure was planned had not been informed, when he designed it, that it would be subjected to this added burden..

On the whole case the question of the defendant's negligence and the possible contributory negligence of the plaintiff were matters of fact, and not of law, and were submitted to the jury under instructions quite favorable to the appellant.

It follows that the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.