# HENRY W. SYMONS *vs.* THE ROAD DIRECTORS FOR ALLEGANY COUNTY.

*Injury to Traveller on Highway From Negligence of Independent Contractor in Blasting—Pleading—Replication.*

The Road Directors of a county, a corporation vested with complete control over the highways, employed an independent contractor to repair a certain road with a designated stone. The contractor was to furnish all material and labor and the work was to be done subject to the supervision of the State Engineer. The contractor blasted stone for the repair work in a quarry distant a little more than 100 feet from the highway, and the plaintiff, while on the highway, was struck by a small stone from the blast, and injured. In an action against the Road Directors, *held*, that since the defendant did not authorize the blasting, or know that such means of getting out the stone would be employed, and since it was not the only way of procuring the stone, the defendant is not liable for the negligence of the independent contractor, and the injury complained of was not a probable consequence of the work contracted for.

The obligation of a corporation to keep highways in a safe condition for travellers, does not *per se* make it liable for the negligence of an independent contractor employed to repair a highway.

A declaration alleged that the defendant, while quarrying stone to be used in the repair of a road, negligently caused the same to be thrown upon the highway, striking the plaintiff. The defendant pleaded that the work of repair was done by an independent contractor and the injury to the plaintiff was caused by the servants of that contractor. The

plaintiff replied that he sued not for injuries resulting from negligence in the repair of the highway under the contract with the independent contractor, but for injuries caused by negligence in blasting stone so near the highway and under such circumstances as to be likely to do injury to persons using the highway. *Held*, that this replication is bad on demurrer since it does not allege any facts that would meet the defense set up by the plea; it does not say that the blasting was done by the defendant, nor does it say who did it.

*Decided February 14th, 1907.*

Appeal from the Circuit Court for Allegany County (HEN-DERSON, J.)

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER and BURKE, JJ.

*Albert A. Doub* (with whom were *James A. McHenry* and *Austin A. Wilson* on the brief), for the appellant.

*Benjamin A. Richmond* (with whom was *Irvine R. Dickey* on the brief), for the appellee.

PEARCE J., delivered the opinion of the Court.

This is an action brought by the appellant against the appellee to recover damages for injuries alleged to have resulted from the negligence of the servants and agents of the appellee while quarrying stone near a public road of Allegany County, to be used in the repair of said road which was under the control and in the care of the appellee.   The plaintiff at the time of the injury complained of, was travelling on said public road, driving a four horse team, and using due care in their management and in his own conduct.   He had stopped to water his horses at a county watering trough on the road side, and while so engaged a blast was discharged from the quarry which was from one hundred to three hundred feet from the road, and he was struck upon the head by a falling stone about the size of a walnut, and was seriously and permanently injured.

The defendant is a body corporate, under the name and

title of "The Road Directors for Allegany County," created by chapter 262 of the Acts of 1904, with power to sue and be sued, and with powers, duties, and obligations with respect to the public roads in Allegany County, co-extensive with the duties, powers, and obligations theretofore resting upon the County Commissioners of Allegany County, with respect to the public roads and bridges in said county, except in so far as the same were modified or changed by the provisions of that Act.

The defendant pleaded, first the general issue, and second, that under and in pursuance of the authority and requirements of chapter 225 of the Acts of 1904, known as the "Shoemaker Road Act," it did, on August 8th 1905, enter into a written contract with Frederick Perry, to make over and repair a section of the public road, embracing the spot where the plaintiff was injured, in which contract it was provided that Perry should, at his own expense, furnish all materials used on said road, and all work and labor employed thereon, and would assume all risk and liability for accident and damages to persons or property that might result from the negligence or carelessness of said Perry or of his servants and agents in the prosecution of said work, and that said Perry was an independent contractor in the prosecution of said work, with full control thereof, subject to the supervision of the Engineer and Inspector of the State of Maryland, as provided by said Act, and that defendant had no control over said Engineer and Inspector; that all the laborers employed in said work, were employed, controlled and paid by said Perry, and were subject to discharge only by him, and, that though defendant paid said Perry for the work done under said contract, all said work was under the exclusive supervision and control of said Engineer and Inspector, and in no way under the control of the defendant; and that the injury of the plaintiff was caused by the servants of said Perry, while working for him, as an independent contractor in the repair of said highway.

Issue was joined on the first plea, and there was a demurrer to the second plea, which was overruled. Thereupon the

plaintiff replied to the second plea that he sued, not for injuries resulting from negligence in the repair of the highway done under the contract mentioned in the second plea, but for injury caused by negligence in blasting stone so near said highway, and under such circumstances as to be likely to do injury to persons using said highway. The defendant demurred to this replication and its demurrer was sustained. Issue was then joined on the second plea, and the case was tried before a jury. At the close of the plaintiff's testimony, the Court granted a prayer offered by the defendant, instructing the jury that there was no evidence legally sufficient to entitle the plaintiff to recover under the pleadings, and that their verdict must be for defendant, and verdict and judgment was entered for defendant, from which this appeal was taken.

First, as to the demurrer to the second plea. The plea sets up in clear and precise language a written contract between the defendant and Perry, for the repair by him of the highway in question, at his own cost, and through servants and agents selected and controlled by him, and that the contract was made in pursuance of the authority *and requirements*, of ch. 225 of 1904, and that all the work was done under that contract. That Act expressly required the commission created by ch. 51 of 1896, to maintain, through its Engineer, "immediate supervision of the execution and performance of each contract made under its provisions." All these facts were admitted by the demurrer, and upon these facts it cannot be questioned that Perry was an independent contractor, for whose negligence the defendant could not be held liable, unless brought by proper pleading and proof within some one of the recognized exceptions to the application of the general rule. *DeFord* v. *Keyser*, 30 Md. 179; *City and Suburban R. W.* v. *Moores*, 80 Md. 348. The demurrer therefore was properly overruled.

Now, as to the demurrer to the replication to the second plea.

In *Hanover Insurance* v. *Brown*, 77 Md. 74, in considering a demurrer to a replication, the Court said: "It is the object

of pleading to place on the record the facts which make up the plaintiff's cause of action, and the defendant's ground of defense." "The office of a replication, or reply, is to meet the allegations of the plea or answer." 6 *Enc. Pl and Pr.*, 461. Or, as stated by Mr. Poe in sec. 668 of his work on Pleading, It must" join issue upon, traverse, or confess and avoid, the matters set up in the pleas so as to produce an issue of fact." This replication, apparently, is by way of confession and avoidance. Such a replication Mr. Poe says in sec. 681, "should always either in express terms, or by fair implication, admit the special matter alleged in the plea, and then proceed to aver additional matter by which the legal effect of the plea is defeated or obviated. .* * * Where the case of the" plaintiff rests upon a mere denial of the matter of the plea, the replication will traverse the material allegation of the plea constituting the defense. But if the purpose of the plaintiff is to show that other facts exist additional to those mentioned in the plea, whereby the justification, excuse, or discharge relied on by the defendant will be defeated or obviated, it will be necessary to allege such other and additional facts in the replication."

We think this replication may be regarded as admitting by implication the special matter alleged in the plea, but we do not think it can be regarded as alleging any such additional facts as would defeat or obviate the defense set up in the plea. It does not say *defendant* was doing the blasting, nor does it say *who* was doing it. For aught that appears in the replication, the blasting might have been done, neither by the defendant's servants nor by those of Perry, but by some stranger to both. This is not the degree of precision and certainty required in pleading. It intimates, though it does not distinctly charge, that a nuisance was maintained *by some one* upon land near the highway, and that its maintenance was, in some unexplained way, authorized or permitted by the defendant. If it was designed thereby to raise the question whether the defendant could by the employment of an independent contractor relieve itself from liability for directing or

permitting blasting near the highway as an incident to the execution of the contract, all the facts necessary to show the alleged liability of the defendant should have been fully and clearly set out.

The demurrer was correctly sustained.

It appears from the evidence, that the work upon this highway was done under ch. 225 of 1904, the section of road having been selected for that purpose by the defendant, and approved by the State Commission mentioned in that Act, and that bids for the work were advertised for as required by the Act, and the contract awarded under it to Perry. A written contract in pursuance of this award, between Perry and defendant was produced at the trial during the examination of Mr. Mullen, one of the Road Directors at the time the contract was made, and a witness for plaintiff, and was identified by him and its execution duly proved. It was not offered in evidence by the plaintiff, and could not have been offered by defendant until the close of plaintiff's case. The plaintiff was of course not required to offer it, nor to explain why he did not do so, and we are without any actual knowledge of its contents. It does appear, however, from the testimony of Mr. Mullen that all the work done, including the getting out of the stone from this quarry, was done under that contract, and that no work was done by Perry for defendant under any other contract or arrangement. It also appeared from the testimony of Mr. Townsend, the Road Engineer of Allegany County, that he had no control over State Aid Work such as this was; also that the Cumberland Basin Coal Company, which owned this quarry allowed the use of this stone for that work without charge, and that all bidders were informed before making their bids, what stone was required to be used, and that there was to be no charge for it.

There is not only no testimony to show that Perry was a servant or agent of defendant, but the proof being clear that the work was done under the Act mentioned, the presumption at once arose that the contract conformed to the requirements of that Act, under which exclusive control of the work was

vested in the State Commission, and the burden was therefore upon the plaintiff to show that the requirements of the law had been disregarded, and that the contract, in contravention of these requirements, gave the defendant control over Perry and his servants.

The general rules applicable to the case of injuries resulting from the negligence of an independent contractor are well settled, and under these rules when one who owns or controls land "employs a competent person to do work which, of itself, is not a nuisance, or of which the necessary or probable effect would not be to injure others, and such person is an indepen- dent contractor, the employer is not responsible for such neg- ligence as is entirely collateral to, and not a probable conse- quence of the work contracted for." *Smith* v. *Benick*, 87 Md. 614. But as was said in *City and Suburban Railway* v. *Moores*, 80 Md. 354, there are cases in which, "even if the relation of principal and agent, or master and servant, do not, strictly speaking, exist, yet the person for whom the work is done may still be liable, if the injury is such as might have been anticipated by him, as a probable consequence of the work let out to the contractor, or if it be of such a character as must result in creating a nuisance, or if he owes a duty to third persons, or the public, in the execution of the work," in which last case, as said in *Water Company* v. *Ware*, 16 Wall. 566, "the employer cannot relieve himself from liability, *to the extent of that duty* by committing the work to a contractor."

It is upon cases of that character that the appellant relies to sustain his argument for a reversal. He contends 1st, that the probable consequence of blasting so near the highway must have been anticipated by the defendant, and 2nd, that the duty which the defendant was under to keep the highway safe for public travel was violated by permitting Perry to ren- der it unsafe by blasting so near to it.

To the first contention a conclusive answer is that there is no evidence whatever that the defendant authorized such blast- ing, or even knew that such means of getting out the stone would be employed; but there is evidence that it may be got-

ten out either by drilling, by means of bars and picks, or by blasting, although blasting is the least expensive method. Being an independent contractor, unless the contract required or expressly authorized blasting, Perry was not a servant of the defendant whom it could direct as to the means that should be employed in the execution of the work.    As was said in *Edmondson* v. *Pittsburgh, McKeesport and Youghiogheny R. R. Co.*, 111 Pa. St. 319, "If the independent contractor turned over to the defendant a properly finished job within the time specified, neither the company nor its agents had any more right to interfere in the execution of the work than a stranger. Whether gunpowder, dynamite or nitroglycerine should be used in blasting, or whether the charges of either should be great or small, was a matter for the contractors, and not for the defendant."

The appellant lays much stress upon the fact that the stone was required to be procured from that particular quarry, that having been designated for the purpose by the State Commission, and upon the fact that the defendant permitted Perry to avail himself of the privilege, primarily granted the defendant, to use said stone, but that consideration can have no weight in reaching a conclusion in the case.

In *Carter* v. *Berlin Mills*, 58 N. H. 57, Carter owned lands upon both sides of a stream, which was a public highway for driving logs in seasons of high water, and the Berlin Mills Co. owned timber lands on this stream above Carter's land and also owned dams above Carter's land to hold the water back and aid in driving the logs.    The Mills Co. made a contract with Thruston to cut from their lands and float down to the mouth of the stream, a quantity of logs, and gave Thruston the right to use their dams in running the logs.    In doing this work, Carter's lands were overflowed, and in a suit by him against the Mills Co. for damages, the defense being that Thruston was an independent contractor, the Court said, "the fact that the right to use an instrument, not in its nature dangerous, was given under a contract, by which it is used in performing work for the owner upon his premises, does not

change the liability," and numerous cases were cited in support of the ruling.

The appellant refers in support of both his contentions to the following cases. *Logansport* v. *Dick*, 70 Ind. 78; *Woodman* v. *Metropolitan Railway*, 149 Mass. 339; *Joliet* v. *Harwood*, 86 Ill. 111; *Carlson* v. *Stocking*, 91 Wis. 433, and *Norwalk Gas Light Co.* v. *Norwalk*, 63 Conn. 497. These were cases of blasting done in the middle of the street itself, and not upon the property or premises of another, at a distance of from 100 to 300 feet from the highway as in this case. In so far however as they may be regarded as sustaining the appellants contention, they are opposed by numerous authorities from other Courts cited in 19 *Cyc.*, p. 9, under the head of "Explosives" in which it is said that, "By the weight of authority it seems the employer of an independent contractor is not liable, although the work to be done is intrinsically dangerous, so long as no negligence can be imputed to him in employing such contractor, and the work itself be *lawful* and will not *necessarily* result in injury to another."

The case of *Blunt* v. *City of Kansas*, 84 Mo. 115, illustrates very clearly the fallacy of the appellant's second contention, that the defendant is liable by reason of its obligation to keep the streets safe for public travel. There the injury was caused by a blast in making a sewer in the street. The Court said: "The numerous cases cited by respondent's counsel, in relation to the duty of a city to keep its streets in a safe condition for public travel have no application to the case at bar. The city was in the discharge of a duty in making this sewer, and the complaint here is, not that the plaintiff was injured by any defect in a street, but by the negligence or carelessness of a contractor employed by the city to construct a work of public utility, in the performance of which she was injured by a stone, which, in blasting rock, was thrown against her."

*O'Donnell's case*, 53 Md. 110, well illustrates the converse of the proposition in the case last cited. This Court held the city liable to one who was injured by coming in contact with a rope stretched across the street to prevent travel upon it

while the street was being repaved by an independent contractor. The accident occurred at night, and a lamp which had been suspended from the rope had been broken and extinguished, and had been temporarily removed for repair. Here was a defect in *the street itself*, in the travelled portion of the street. This defect was an unlighted rope. The doing of that work under contract did not relieve the city of its obligation to keep the street itself safe for travel.

In *Moore's case*, 80 Md. 355, already cited, this Court referring to *Water Co.* v. *Ware*, 16 Wall. 566, points out the true distinction between that case and Moores case, and said : "In Ware's case, though the plaintiff's horse was frightened by the alleged negligent use of a steam drill, yet the injury sustained was really caused by the material dirt, &c., which had been left in the street, and which came within the duty of the defendant to persons travelling on the road to see that they were kept safe. So in *O'Donnell's case* 53, Md. 110."

In *Moore's case*, the plaintiff had been injured by the negligent use of a steam engine upon a turnpike, and not by any obstruction negligently left in the road by the contractor. JUDGE BOYD continuing in that case said: "It would be carrying the obligation of the Turnpike Co. beyond that required or authorized by the authorities, to hold that its duty to the public required it to see that the servants of White were not thus negligent, although the use of the steam engine was not a nuisance *per se*, and could be operated so as not likely to do any injury to any one using the road. * * * It must be admitted that the work to be done was lawful, and the company had the right to assume that there would not be such negligence as that complained of, which was entirely collateral to, and not a probable consequence of, the work contracted for. To hold the company to such a strict liability would practically forbid it from having such work done by contractors, as it would have to keep its own agents on engines to see that there was no negligence on the part of contractors or their servants."

The case at bar comes clearly within the reasoning of Moores case, and we are of opinion the defendants prayer was properly granted.

It follows from this ruling that there was no error in the ruling upon the first exception, which excluded Perry's declaration when the accident occurred, "My God we have killed a man. Go for a doctor." If the prayer could have been granted, the evidence would have been admissible. But it becomes immaterial and irrelevant under the view taken of that prayer.

> *Judgment affirmed, with costs above and below.*