PETRIE v. J. HENRY SMALL REALTY CO.

(Supreme Court, Appellate Division, Second Department. December 2, 1910.)

1. MASTER AND SERVANT (§ 321*) — INDEPENDENT CONTRACTOR — INJURY TO SERVANT OF INDEPENDENT CONTRACTOR—LIABILITY.

Defendant erecting a building, who contracted with masons, carpenters, and plumbers to furnish materials and perform the necessary work, is not liable for injuries to an employé of the contractor for the plumbing, caused by the breaking of a plank reaching from the front entrance of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the building to the street; the plank not being necessary for access to the building, and it not being shown that defendant furnished the plank or assumed responsibility for it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1262; Dec. Dig. § 321.*]

2. MASTER AND SERVANT (§ 330*)—INDEPENDENT CONTRACTOR—INJURY TO SERVANT—LIABILITY.

In an action for injuries to an employé of a contractor to do the plumbing in a building caused by the breaking of a plank, evidence *held* not to show that the person constructing the building, and who had contracted for the plumbing, had placed the plank there, or had assumed responsibility for it.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 330.*]

3. MASTER AND SERVANT (§ 321*) — INDEPENDENT CONTRACTOR — INJURY TO SERVANT—LIABILITY.

The statement of defendant erecting a building, and contracting with masons, carpenters, and plumbers to furnish the materials and the necessary work, that a plank reaching from the front of the building to the street was sound was not a statement that he had furnished the plank or that he assumed responsibility for its condition, and it did not render him liable for injuries to an employé of the contractor for the plumbing caused by the breaking of the plank.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 321.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Edward C. Petrie against the J. Henry Small Realty Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and RICH, JJ.

James I. Cuff, for appellant.
Frederick S. Lyke, for respondent.

BURR, J. Defendant was engaged in the construction of buildings in various parts of the borough of Brooklyn, and included among them were four houses upon Furman avenue, between Broadway and Bushwick avenue. A contract had been entered into between defendant and William A. Godbold, by which the latter was to provide all the materials and perform all the work in connection with the plumbing therein. Plaintiff was in the employ of Godbold as a journeyman plumber. On November 17, 1909, the houses had been inclosed, and the beams set, but the floors had not been laid. A plank had been placed reaching from the front entrance of one of the buildings, which was about three feet above the level of the street, to the said street. While plaintiff was passing down the plank, it broke, and he was thrown to the ground, and sustained injuries for which it is sought to make defendant responsible.

The evidence fails to establish that it was the duty of the defendant to furnish the runway in question, or that it had done so. It appears that defendant was to furnish the timber, flooring, bricks, lime, and cement, to be used in the construction of said buildings, but made contracts with masons, carpenters, plumbers, stone masons, and others to furnish the other materials and perform the necessary work. It was not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

necessary, in order to obtain access to the buildings, that there should be this runway, as other means were provided, and this runway seems to have been constructed by some one as a more convenient means of passing in and out.  There is no direct evidence that defendant furnished the plank which broke.  This was about ten feet long, nine inches wide, and from an inch and a half to an inch and three-quarters thick.  J. H. Small, the president of defendant, testified that the only lumber which up to that time it had furnished consisted of beams, none of which was less than three inches in diameter.

As further bearing upon the question of who furnished the plank, there was uncontradicted evidence that the custom is "that the first one that gets on the job, who is in the employ of the plumber or framer or carpenter, or whoever gets there first, takes a plank and puts it up"; that, "if it is necessary to make a runway to go into the building, any of the contractors will put up such runway."  The only evidence which in the slightest degree tends to connect defendant with the furnishing of the plank or knowledge of its condition is that of a man who was a night watchman about the premises but who was subsequently discharged, who testified that on the day before the accident he called the attention of Mr. J. Henry Small, defendant's president, to the plank in question, and told him that it was cracked, and that he replied: "That plank is good, because I can use it for two jobs more."  Small denies that any such conversation ever took place.  It appears that Mr. Small was very seldom present at the buildings, although his son, who was the superintendent, was there constantly.  If any complaint was to be made to any representative of the defendant, it would seem more natural that it should have been made to the superintendent, who was constantly present, than to Mr. Small, Sr., who was only occasionally there.  In view of this denial, and in view of the fact that defendant was under no obligation to furnish runways and that the material which constituted the runway was of a character such as would naturally be used by masons for scaffolding and was not of the character of timber which defendant was obliged to furnish, we think that plaintiff has not established by a fair preponderance of evidence that any such conversation ever took place.  But, if it did, it fell far short of establishing that the defendant had furnished the plank in question, or assumed the responsibility for its condition.  At most, it could be deemed only an expression of opinion on Mr. Small's part with regard to a detail of the work, the performance of which devolved on others.

The judgment appealed from should be reversed and a new trial ordered, costs to abide the event.  All concur.