## LOONEY v. PREST-O-LITE COMPANY.

[No. 9,610. Filed November 14, 1917.]

1. MASTER AND SERVANT.—*Relation of Parties.—Employes of Independent Contractor.*—Where the owner of a building which is being erected by a general contractor engages another contractor to install the heating apparatus and plumbing, and such contractor subcontracts with another to install the plumbing, a workman employed by such subcontractor is the servant of an independent contractor and not of the owner. p. 622.

2. MASTER AND SERVANT.—*Relation of Parties.—Undisputed Questions of Fact.—Province of Court.*—Where the facts relating to the employment of a servant are undisputed, the question as to who is the employer is a proposition of law to be declared by the court. p. 622.

3. NEGLIGENCE.—*Proof.—Res Ipsa Loquitur.—Applicability.*—Although there are instances where the proof of negligence sufficient to make a *prima facie* case under the doctrine of *res ipsa loquitur* may be supplied by a presumption arising from the occurrence of the injury, in such cases it must appear that the instrumentality which inflicted the injury was in control of the defendant, subject to his use and inspection, and that the accident was one which in the ordinary experience of mankind would not have happened except for the negligence of the defendant or of others for whose negligence he is legally responsible, and, if the injury might have resulted from any one of many causes, the complaining party must exclude by a fair preponderance of the evidence the operation of those causes for which the defendant is under no legal obligation. p. 622.

4. MASTER AND SERVANT.—*Injury to Servant of Independent Contractor.—Liability.*—Where an owner of realty engages an independent contractor to erect a building or other structure, and the contract requires the performance of work intrinsically or necessarily dangerous, the owner may be held liable

to third persons and the contractor's employes injured during the progress of the work. p. 623.

5. MASTER AND SERVANT.—*Injury to Servant of Independent Contractor.* — *Liability.* — *Violation of Law.*—An owner of realty, who engages an independent contractor to erect a building or other structure, may be held liable to third persons and the contractor's employes injured in the course of construction, where the work is being done in violation of law or creates a nuisance, or the injury results from some affirmative act or negligence of the owner. p. 623.

6. MASTER AND SERVANT.—*Independent Contractors.*—*Injury to Servant.*—*Liability.*—*Res Ipsa Loquitur.*—Where a landowner engaged an independent contractor to erect, during freezing weather, a reinforced concrete building according to approved plans prepared by a competent architect, and an independent contractor to install the heating apparatus and the plumbing, and the latter subcontracted with another to install the plumbing, an employe of such subcontractor injured in a collapse of the building could not, in an action against the owner, recover on the theory of *res ipsa loquitur* merely because of the fall of the structure, and, in the absence of proof that the erection of a concrete building during freezing weather was necessarily or inherently dangerous, or that the collapse of the building resulted from some affirmative act or negligence of the owner, the defense that the work was being done by an independent contractor was available. p. 624.

7. APPEAL.—*Review.*—*Harmless Error.*—Where, in an action for personal injuries, there could be no recovery by plaintiff under the undisputed evidence, intervening errors were harmless. p. 627.

8. APPEAL.—*Review.*—*Harmless Error.*—*Exclusion of Evidence.*—In an action for personal injuries sustained in a collapse of a building being erected for the owner by an independent contractor, the exclusion of a municipal ordinance requiring permits to be obtained for the erection of buildings, and of evidence that defendant had failed to comply with the ordinance was harmless, where there was no evidence tending to show a causal connection between the violation of the ordinance and plaintiff's injury. p. 628.

From Boone Circuit Court; *Willett H. Parr*, Judge.

Action by William J. Looney against the Prest-O-Lite Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

· *Roy W. Adney* and *George W. Galvin,* for appellant.

*John S. Berryhill, Bernard Korbly* and *Willard New,* for appellee.

FELT, J.—Suit for damages for personal injury brought by appellant against appellee. To the complaint in three paragraphs appellee filed answer in general denial and a special paragraph, in which it alleges in substance that appellant was injured by the collapse of a building which fell while in the process of construction; that the building was being constructed by an independent contractor and appellant when injured was working in said building and was employed by one Louis B. Skinner, a subcontractor, who had contracted with W. H. Johnson and Son Company to do all the plumbing in said building; that W. H. Johnson and Son Company were independent contractors who had entered into a contract with appellee to furnish all material and labor for the plumbing and heating of said building and complete the same according to the plans and specifications therefor by a specified time.

After the issues were formed the venue of said cause was changed to the Boone Circuit Court where the case was tried. At the close of appellant's evidence, on appellee's motion, the court instructed the jury to return a verdict for appellee, which was accordingly done. Appellant's motion for a new trial was overruled, an exception reserved, and judgment was rendered on the verdict, from which this appeal was taken.

The error assigned and relied on for reversal is that the court erred in overruling appellant's motion for a new trial. A new trial was asked on the ground that the verdict of the jury is not sustained by sufficient evidence; that the court erred in instructing the jury to return a verdict for the defendant, and in sustaining

appellee's objection to the introduction of certain evidence offered by appellant.

The building mentioned in this suit, and many of the essential facts, are identical with those considered in the case of *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, Ann. Cas. 1917A 474.

Appellant alleges that the plans for the building were prepared by an architect, for the construction of a reinforced concrete building of a certain kind, and that the contract was let for a building of a different type of construction from that provided by the plans and specifications; that the contract was for a two-story building, and after the building was partly constructed a third story was added; that on December 6, 1911, while the roof of the building was being placed thereon, the building collapsed and fell; that appellant at the time was in the lower part of the building working as a plumber and was caught and severely injured.

Appellant also charges that appellee entered upon the construction of said building in the month of November, 1911; that the construction of such a building at that season of the year was and is inherently dangerous; that at that time the construction of such buildings was only in the experimental stages; that appellee knew, or by the exercise of ordinary care could have known, of the extra perils and inherent dangers incident to the construction of a concrete building at that season of the year.

The substance of the evidence material to the questions presented is as follows: Appellee employed a competent architect who prepared complete plans and specifications for the erection of a reinforced concrete building. The general contract was let to Wolf and Ewing, competent and experienced building contractors. The contract for the plumbing and heating was let by appellee to W. H. Johnson and Son Company, and the

latter sublet the plumbing to Louis D. Skinner, a competent and experienced plumber, who employed appellant to work as a plumber and who was so working for him in the aforesaid building when it fell and injured appellant on December 6, 1911. Vernon H. Church of the local office of the Indianapolis weather bureau testified to the maximum and minimum temperature in said city from October 20 to December 6, 1911, and stated that the barometer at said station did not indicate any seismic disturbance on December 6, 1911. Witnesses testified to the effect of freezing weather on concrete; that Wolf and Ewing had previously successfully constructed reinforced concrete buildings; that many concrete buildings are constructed in the winter and there are many ways known to the building trade for protecting concrete and preventing damage in cold weather; that a number of reinforced concrete buildings had been successfully erected in Indianapolis prior to December, 1911, some of which were similar in plan to the one which collapsed and injured appellant. The contract between appellee and W. H. Johnson and Son Company was introduced in evidence, and shows that such company was to furnish all material and labor and complete the heating plant and the plumbing for said building in accordance with the plans and specifications by a certain date for a specified sum of money. The evidence also shows the collapse and fall of the building and appellant's injury.

Appellant contends that, under the issues and the evidence, he (appellant) was employed by appellee "through Johnson and Son Company" to do plumbing in said building, and therefore appellee owed him the duty of furnishing him a safe place to work; that the work of constructing the building was undertaken at a time and in a manner that made it inherently dangerous, all of which was known to appellee, or could have

been known by the exercise of ordinary care; that the rule of *res ipsa loquitur* is applicable, may be invoked by appellant, and requires appellee to explain the cause of the fall of the building and to show that it was not due to its negligence, in order to avoid liability.

1. The undisputed evidence shows that appellant was employed by Mr. Skinner, the subcontractor, under W. H. Johnson and Son Company, who had contracted with appellee to do the plumbing and heating provided by the plans for the building. Therefore appellant was in no sense an employe of appellee, but must be held to be the servant of the independent contractor. The arrangement between Skinner and Johnson and Son Company did not change the relation of appellant to appellee. Johnson and Son

2. Company, on the facts of this case, cannot be held to hold any relation to appellee other than that of independent contractor. The facts are undisputed and the proposition therefore resolves itself into one of law to be declared by the court. *Prest-O-Lite Co.* v. *Skeel, supra.*

Appellant being an employe of an independent contractor, this appeal is controlled by the decision of the Supreme Court in *Prest-O-Lite Co.* v. *Skeel, supra,* unless there is something in this case which distinguishes it from the former.

3. The facts of this case do not warrant the application of the rule of *res ipsa loquitur.* This question was considered by the Supreme Court in the Skeel case, *supra,* and the language employed is applicable to the case at bar, viz.: "Undoubtedly there are instances where the proof of negligence sufficient to make out a *prima facie* case may be supplied by a presumption that arises from the occurrence of the injury. But in such cases it must appear that the instrumentality which inflicted the injury was in the control of the defendant,

subject to his use and inspection, and also that the accident was one which in the ordinary experience of mankind would not have happened unless from the negligence of the defendant, or that of others for whose negligence he is legally responsible. Where the injury might well have resulted from any one of many causes, the plaintiff, by a fair preponderance of the evidence, must exclude the operation of those causes for which the defendant is under no legal obligation. The thing which causes the injury must be shown to have been under the management of the defendant before the doctrine of *res ipsa loquitur* applies. Indeed, the theory of the law in respect to this doctrine proceeds from the fact that the management or control of that which occasioned the injury is exclusively within the power of the defendant as between him and the plaintiff, and that it works no injustice by requiring him to explain."

Appellant further asserts that the facts of this case bring it under an exception to the general rule applicable to employes of independent contractors who 4. seek to recover damages for personal injuries from the owners of real estate for whom such contractors have undertaken to erect buildings or other structures. Such owners may be held liable to a third person or an employe of such independent contractor in several instances, among which are cases where the contract requires the performance of work intrinsically or necessarily dangerous, however skilfully performed. Likewise in cases where the work to be done is 5. in violation of law or creates a nuisance, or where the injury results from some affirmative act or negligence of such owner. *Murphy* v. *Altman* (1898), 28 App. Div. 472, 51 N. Y. Supp. 106, 108; *Burke* v. *Ireland* (1898), 26 App. Div. 487, 50 N. Y. Supp. 369, 372; *Engel* v. *Eureka Club* (1893), 137 N. Y. 100, 32 N. E. 1052, 33 Am. St. 692; *Laffery* v. *Gyp-*

*sum Co.* (1910), 83 Kan. 349, 354, 111 Pac. 498, 45 L. R. A. (N. S.) 930, Ann. Cas. 1912A 590; *Gallagher* v. *Southwestern, etc., Assn.* (1876), 28 La. Ann. 943; *Thomas* v. *Harrington* (1903), 72 N. H. 45, 54 Atl. 285, 65 L. R. A. 742, and notes; *Louisville, etc., R. Co.* v. *Tow* (1901), 23 Ky. Law 408, 63 S. W. 27, 66 L. R. A. 941; *Jacobs* v. *Fuller, etc., Co.* (1902), 67 Ohio St. 70, 65 N. E. 617, 65 L. R. A. 833; *Missouri, etc., Iron Co.* v. *Ballard* (1909), 53 Tex. Civ. App. 110, 116 S. W. 93, 98; *Earl* v. *Reid* (1910), 18 Ann. Cas. 1, 9; *Stubley* v. *Allison Realty Co.* (1908), 124 App. Div. 162, 108 N. Y. Supp. 759, 763; 2 Dillon, Mun. Corp. (4th ed.) §1029; 1 Thompson, Com. Law of Neg. (2d ed.) §§621, 627, 652; 26 Cyc 1084; 16 Am. and Eng. Ency. Law 192.

There is nothing in the evidence tending to show that the work which appellee contracted to have done in the erection of the building or in the plumbing or heating, was inherently or necessarily dangerous, however skilfully done, or that appellee was in any way responsible for the collapse and fall of the building. There is no proof that the plans were defective and that the building collapsed because of such defects; no proof that appellee retained any control over the building or the several independent contractors other than compliance with their several contracts as to the results to be obtained, or that it interfered with the work or assumed any authority or did any affirmative act which could in any way have operated as a contributing or proximate cause of the collapse and fall of the building.

Appellant apparently relies upon the following facts: The building was constructed of reinforced concrete; the contract required the work to be done in the fall and early winter when the concrete was liable to be frozen and there was freezing weather before Decem-

ber 6, 1911. The original contract was for a two-story building, which was changed to three stories and the building was so erected; the building collapsed and fell on December 6, 1911, while the roof was being placed thereon, and there is no definite proof of the cause of the collapse.

The evidence shows without dispute that the plans were prepared originally for a three-story building and that though the original contract called for the erection of a two-story building, the change made while the building was in the process of construction was made in conformity with the plans and specifications; that the several contracts, including the contract for the heating and plumbing, were changed or supplemented to cover the work required by the addition of the third story prior to the time the building collapsed and fell; that the plumbing and heating contracts contemplated and required work of the kind appellant was doing when injured to be done while the building was being constructed by the general contractors. The evidence tends to show that freezing may or may not be injurious to concrete construction, depending on the way the work is managed and the way the concrete is protected and cared for after it becomes a part of the structure. The undisputed evidence also shows that prior to the erection of the building in question concrete buildings had been erected in Indianapolis, in the winter time; that good results had been secured and the buildings were safe and substantial structures.

Reduced to its last analysis the contention of appellant is that to contract for the erection of a reinforced concrete building to be constructed by competent and experienced builders of such structures, according to approved plans and specifications prepared by a skilled and competent architect, with no control of the build-

ing or work reserved to the owner, the work to be done at a season of the year when freezing weather may be expected, makes the work so inherently and necessarily dangerous, as to take the transaction out of the operation of the general rule applicable to injuries received by workmen employed by independent contractors, and brings it under the exception whereby the owner of such building may be held liable to such employe for an injury received on account of the fall of such building, notwithstanding the work was let to independent contractors and was done in pursuance of such contracts.

Giving appellant the benefit of the evidence most favorable to him and all the inferences that may reasonably be drawn therefrom, on the facts of the case as presented, this court is not warranted in holding that the case comes within the exception to the general rule aforesaid, and therefore holds that the undisputed evidence shows that appellee is not liable to appellant for the reason that appellant was at the time of his injury employed by an independent contractor and engaged in performing services for such contractor in the due execution of his contract with appellee.

The evidence shows that appellee in undertaking to erect such building at the season of the year the work was undertaken was following the custom or usage established by competent and experienced builders of such structures. Therefore no inference of inherent or necessary hazards incident to such work can be drawn against it, unless the work of erecting such structures generally is so inherently and necessarily dangerous as to invoke the exception to the general rule aforesaid, and we find no authority anywhere that would sanction such a holding. In 1 Thompson, Com. on the Law of Negligence §652, the learned author in speaking of the exception to the general rule aforesaid, says: "It is but another expression of the principle to say that if, ac-

cording to previous knowledge and experience, the work which the proprietor engages the contractor to do is *inherently dangerous* to third persons, and *likely to lead to mischief,* however carefully performed, it will be incumbent upon him to foresee such mischief, and to take precautions against it." In §650, the same author says: "It is merely another way of stating the preceding proposition to say that the proprietor is liable, on the principle of being answerable for his own negligence, where the injury proceeds from the nature of the work itself, and not from the manner in which the independent contractor has executed it. If, for any reason, the nature of the work is such that when done in the ordinary mode, it is necessarily or naturally injurious, in a legal sense, to a third person, the proprietor must answer to him in damages for it."

As already pointed out, the rule of *res ipsa loquitur* does not apply to this case. Johnson and Son Company was an independent contractor. Skinner, for whom appellant was working, was a subcontractor under Johnson and Son Company. There is no evidence tending to show that the work covered by the contracts was inherently or necessarily more dangerous than the work of constructing such buildings generally. Appellee retained no control over the building or work, and was only interested in the ultimate results required by the several contracts. It committed no affirmative act of negligence. The evidence not only fails to show that appellee was in any way responsible for the collapse and fall of the building, but it fails to show what caused the building to fall and leaves the matter to speculation and conjecture. In this situation there can be

7. no recovery by appellant against appellee, and intervening errors, if any, are not available to reverse the judgment. Since the undisputed evidence shows there can be no recovery, the trial court did not

err in directing the verdict. *State, ex rel.* v. *State Board, etc.* (1909), 173 Ind. 706, 710, 91 N. E. 338; *Marion Shoe Co.* v. *Eppley* (1913), 181 Ind. 219, 222, 104 N. E. 65, Ann. Cas. 1916D 220; *Casement* v. *Brown* (1892), 148 U. S. 615, 13 Sup. Ct. 672, 37 L. Ed. 582; *Hart* v. *Washington Park Club* (1895), 157 Ill. 9, 41 N. E. 620, 29 L. R. A. 492, 48 Am. St. 298; *Bjornson* v. *Saccone* (1899), 88 Ill. App. 6, 11; *Callan* v. *Pugh* (1900), 54 App. Div. 545, 66 N. Y. Supp. 1118; *Laffery* v. *Gypsum Co., supra; Jacobs* v. *Fuller, etc., Co., supra; Symons* v. *Road Directors* (1907), 105 Md. 254, 65 Atl. 1067; *Petrie* v. *Small Realty Co.* (1910), 141 App. Div. 681, 125 N. Y. Supp. 937; *Weilbacher* v. *Putts Co.* (1914), 123 Md. 249, 91 Atl. 343, Ann. Cas. 1916C 115; *Trim* v. *Fore River Ship Bldg. Co.* (1912), 211 Mass. 593, 98 N. E. 591; *Fink* v. *Slade* (1901), 66 App. Div. 105, 72 N. Y. Supp. 821; *Griffen* v. *Manice* (1901), 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. 630.

Appellant also asserts that the trial court excluded from the evidence a municipal ordinance requiring permits to be taken out for the erection of buildings 8. in the city of Indianapolis. It is also claimed that no permit was taken out for the erection of the third story of the building, and that the violation of such ordinance was negligence *per se,* and the ruling of the court excluding the ordinance was harmful to appellant.

Conceding the validity of the ordinance and that the court erred in excluding it, the ruling does not constitute reversible error, for, on the facts of the case as presented, there is no evidence tending to show a causal connection between the alleged violation of the ordinance and appellant's injury. Without evidence tending to show such causal connection, proof of such ordinance and its violation would avail nothing in appellant's behalf, and the ruling, if erroneous, would not be

harmful to appellant or constitute reversible error. *Prest-O-Lite Co.* v. *Skeel, supra; Switow* v. *McDougal* (1915), 184 Ind. 259, 261, 111 N. E. 3;

Judgment affirmed.

NOTE.—Reported in 117 N. E. 678. See under (1, 5) 26 Cyc 1567, 54 Am. St. 91, 76 Am. St. 384.